## MARSH v. EDGERTON.

1. EQUITY—PROCEEDINGS AT LAW.—Courts of equity interfere with great reluctance to restrain proceedings at law; particulary after judgment.
2. SAME.—Where the matters complained of were known to the party, and were admissible as a defense at law, equity will not interfere.
3. Where it is not made to appear that the complainant's defense was inadmissible at law, nor that he failed to present it on account of mistake, ignorance of its existence, fraud or surprise, nor that the evidence now relied on was newly dicovered, equity will not afford relief.

Marsh vs. Edgerton.

4. SAME.—Where no attempt has been made to obtain proof in defense of a suit at law, and reasonable diligence has not been exercised, equity will not interfere, unless the proof relied on was inadmissible at law. Judgments at law, when fairly obtained, should not be disturbed but for stringent reasons and in pursuance of well-settled rules.

(1 *Chand.* 198.)

APPEAL from the decree of the District Court for *Dane* County.

The complainant in this suit obtained a judgment against *Marsh*, in the district court for Dane county, on two promissory notes. Execution was issued on the judgment, and before it was executed *Marsh* filed his bill, alleging fraud in the matter for which the notes, on which the judgment was obtained, were given. He also alleged partial failure of the consideration for which the notes were obtained. The bill prayed for an injunction, perpetually staying the execution issued on the judgment at law. A general demurrer was put, and on the hearing the demurrer was sustained and the bill dismissed. From such dismissal, *Marsh* appealed to this court.

*Saml. Crawford*, for appellant.

*A. L. Collins*, for appellees.

HUBBELL, J. This case came here by appeal from the district court of Dane county. *Edgerton* obtained a judgment in that court against *Marsh*, on two promissory notes given in 1836. After execution issued, *Marsh* filed a bill on the equity side of the court, alleging fraud in the original sale, and a part failure of the consideration of the notes, and praying a perpetual injunction against the judgment. The bill was dismissed on general demurrer.

Of late years, courts of equity have interfered, with great reluctance to exercise the power rightly vested in them, of restraining proceedings at law, particularly after judgment. Formerly, such interference was was more frequent. 2 Story's Eq., § 887.

Applications of this sort, after verdict, are in the nature of motions for new trials; and the equitable indulgence, now

granted by courts of law, in all cases where injustice would be likely to be done by the judgment, takes away the necessity for bills in chancery.    Jeremy's Eq. 65 ; 6 Johns. Ch. 477.

For this reason, unless it appears that the court of law has ruled out a defense, or that the case is one in which such court could grant no adequate remedy, relief in equity is denied.

I see no reason why the complainant could not have shown the fraud alleged in his bill, on the trial below ; nor why the alleged partial failure of the consideration of his notes might not have been recouped, and the plaintiff's damages reduced to that extent, since the sale of the lands and the giving of the notes for part of the purchase money was all one transaction. *Van Epps v. Harrison*, 5 Hill, 63.    The prayer for discovery rests on the same ground with that for relief.

It was the defendant's right to have the plaintiff sworn as a witness on the trial, and if he refused, then to be sworn himself.

He had thus a full and very simple means of presenting in evidence the very facts now set up in his bill.    Stat. of Wisconsin, 247.    Or, if he feared to bring his adversary forward as a witness at that time, when he might not be prepared to meet and rebut any misstatement he might make, the defendant could have filed his bill, praying for a discovery in aid of his defense at law, and could have had all the proceedings stayed until he had thus searched the plaintiff's conscience, as fully as it can be done by the present proceeding.    Drury on Injunctions, 65 (34 Law Lib. 61).

It is not alleged that the complainant's defense was offered and overruled in the court below, nor that he failed to present it, by reason of mistake, ignorance, fraud, or surprise ; nor that the evidence relied on is newly discovered.    His failure to make out a defense at law, if he had one, must be imputed solely to his want of diligence, or to his negligence, and equity affords no relief to such parties, especially after trial and judgment.    The celebrated case of *Bateman v. Willoe*, 1 Sch. & Lef. 201, which has long been a leading authority, both in

England and America, went no further. In that case the plaintiff filed his bill to restrain a solicitor, whom he had employed, from proceeding on a verdict for the amount of a bill of costs. It presented strong claims for relief, inasmuch as it was the case of a client, who may have been presumed ignorant of his legal rights, praying for the consideration in equity of a defense which he might have offered, but which he failed to present on the trial at law.

Lord REDESDALE refused the injunction, saying : " The inattention of parties in a court of law can scarcely be made a subject for the interference of a court of equity." This must be regarded as the settled and sound doctrine on the subject, and applying it to the present case, we must say to the complainant : " Admitting your bill to be true ; allowing your defense to the notes such as you have represented, still you have slept on your rights, and your relief is barred. There must be a time when litigation ceases, and rights of property are at rest. Judgments at law, when legally and fairly obtained, should not be disturbed, unless for stringent reasons, and in pursuance of settled rules."

This much I have said, on the assumption that the complainant's bill makes out a good case. But, looking at all the facts set forth in it, I am constrained to think it fails to show a good defense, either in law or equity. He was undoubtedly imposed upon, as thousands of others were, by the glowing prospect of growing rich with the rapid growth of the country. He believed cities and villages would spring up in reality, as they had done on plates and maps, lithographed by speculators to foreshadow their advantages. But very probably the plaintiff below may have been as credulous as the defendant, because delusion was a disease of the times. It infected sellers as well as buyers, and pervaded every class of the community, and almost every section of the country. The towns of " Brooklyn " and " Albion " were not the only cities in embryo, wherein honest but misguided speculators buried in a day the

substantial earnings of years.    But they vanished with a change of times, which nobody could prevent or foresee, and with them passed the visions and delusions of their owners.    It is too late now to inquire who was the deceived and who the deceiver ; who, rising above the mania of the times, was the cold and calculating swindler, and who, forgetting the wholesome adage, *caveat emptor*, became the willing victim.

I think the court below was right in dismissing the bill on every ground.

The decree is affirmed, with costs and ———— per cent. damages.

WHITON, J., having been of counsel in the suit at law, did not sit in this case.