<div style="float:right">MILTIMORE<br>v.<br>ROCK CO. et al.</div>

The account of personal property which came to the hands of the administratrix is correct. She appears to have been charged with the full value as shown by the inventory and appraisement.

As the items of services and disbursements for which the respondents are entitled to compensation according to the principles settled by this opinion, are not distinguished by the proofs from those with which the estate cannot be charged, it may become necessary for the court to take further proof, or to re-commit the case to a referee, in order that they may be ascertained. We see no objection to either course being pursued.

The order of the circuit court is reversed, and the cause remanded for further proceedings in accordance with this opinion.

---

<div style="float:right; border:1px solid; padding:2px">15   9<br>82  531</div>

MILTIMORE vs. SUPERVISORS OF ROCK COUNTY and another.

It is no ground for equitable interference, that the rule of taxation followed in the levy and assessment of taxes was not equal and uniform, if the taxes imposed upon the plaintiff's property were *less* than they would have been if the constitutional rule had been pursued.

APPEAL from the Circuit Court for *Rock* County.
The case is stated in the opinion of the court.
*I. C. Sloan*, for appellant.
*Knowlton, Prichard & Jackson*, for respondent.

*By the Court*, DIXON, C. J.    Action to restrain the defendant *James*, as clerk of the board of supervisors of the county of Rock, from executing and delivering deeds of the plaintiff's lands, situate in the city of Janesville, for the unpaid taxes assessed thereon in the year 1856, and to have the sale

<div style="float:right">January 13.</div>

January Term, 1862.

MILTIMORE
v.
ROCK CO. et al.

and certificates declared illegal and void. The relief is claimed on the ground that the rule of taxation which was followed in the levy and assessment of the taxes, was not equal and uniform, it being that prescribed by chapters 179 and 286, Local Laws of 1854, which was decided by this court in *Knowlton vs. Supervisors of Rock County*, 9 Wis., 410, to be unconstitutional. But the two cases differ in this, that the plaintiff's lands were situated without the recorded plat of the village of Janesville and its additions, and used for agricultural purposes, and consequently the amount of taxes levied thereon to defray the current expenses of the city, and for the building and repairing of roads and bridges and the support of the poor, were *less* than they would have been had the constitutional rule been pursued. In the case of Knowlton, the lands were within the recorded plat, and were charged with the payment of a *greater* sum for these purposes than could by law be assessed upon them. He was required to pay a portion of the taxes which should have been charged to the lands of the plaintiff. It appears from the complaint that the taxes for defraying the current expenses of the city were apportioned to the real and personal property within the recorded plat and its additions at the rate of two per cent. and upwards upon each dollar of the valuation, while upon the real and personal property without the plat, including that of the plaintiff, the apportionment was but one half of one per cent. on the dollar ; and that the taxes for the building and repairing of roads and bridges and the support of the poor, were as two to one in favor of the plaintiff when compared with owners of property within the plat and its additions. It is of this inequality that the plaintiff complains. She asks that the defendant *James* may be restrained from executing the deeds, and that the sales may be annulled, because the taxing officers demanded of her *less* than her due proportion of the public revenue. This constitutes no ground for equitable interference. *Warden vs. Supervisors of La Fayette Co.*, and *Kellogg vs. Oshkosh*, 14 Wis., 618, 623. The demurrer to the complaint should have been sustained.

Judgment reversed, and cause remanded for further proceedings in accordance with this opinion.