## McINDOE vs. HAZELTON and another.

An action having been brought against "M. & S., partners &c.," on a note made by "M. & S." with a warrant of attorney attached, executed by W. S. M. and C. S., reciting the making of said note by them and authorizing entry of judgment thereon against them, with release of all errors, and an attorney having appeared for the defendants named in said action and confessed judgment, with release of errors, and judgment having been entered accordingly against "M. & S., partners &c.," and execution having been issued thereon against the property of W. S. M. and C. S., and W. S. M. having brought this action to restrain the sale of his land on said execution, on the ground that there was no judgment against him and C. S. : *Held,*

1. That the judgment rendered, if irregular, was not *void.*
2. That the defect in said judgment was cured by subd. 10, sec. 7, ch. 100, R. S. 1849 ; and the judgment was amendable under sec. 8 of the same chapter, by the warrant of attorney, which was a part of the record.
3. That the plaintiff's proper remedy (if any) was by motion in the action in which the judgment was rendered.
4. That in any event, the complaint not showing that the plaintiff would suffer any injustice from the levy of the execution, he was not entitled to equitable relief.

APPEAL from the Circuit Court for *Marathon* County.

In December, 1854, " McIndoe & Shuter" executed their note to " Robert Holmes of St. Louis, Missouri, or order" for $15,500, payable one day after date, with interest at one per cent. A warrant of attorney to confess judgment was attached to said note, executed by *Walter D. McIndoe* and Charles Shuter, which contains the following recital : " Whereas the subscribers, *W. D. McIndoe* and Charles Shuter, are justly indebted to Robert Holmes of Saint Louis, Missouri, upon a certain promissory note of even date herewith, for the sum of $15,500, bearing interest at the rate of ten per cent. per annum, due the 5th day of December, 1854, from date, and payable to Robert Holmes or order," &c. In December, 1854, judgment by confession was rendered in the usual form, for the amount of said note with interest, in an action entitled " *Robert Holmes v. McIndoe & Shuter*, partners &c." The answer contained the usual release of all errors that might intervene in entering up judgment or issuing execution in the cause. The judgment was docketed December ·18th, 1854, as against *Walter D. McIndoe* and Charles Shuter. On the 30th of August, 1859, an order of court was obtained, on notice personally served upon *Walter D. Mc Indoe* and Charles Shuter, authorizing the issue of an execution in the case of Robert Holmes vs. *Walter D. McIndoe* and Charles Shuter for the amount of said judgment ; and such execution was issued in August, 1864, against the real and personal property of the persons last named as defendants.

This action was brought by *Walter D. McIndoe* in October, 1864, to restrain the defendant *Hazelton* (who was then the legal owner of said judgment) and the defendant *Stafford*, sheriff of said county, from levying said execution upon plaintiff's real estate, and advertising and selling the same, upon the ground that there never was a judgment entered up in said court or any other court of this state, " wherein Robert Holmes was plaintiff and *Walter D. McIndoe* and Charles Shu-

ter were defendants," &c. An injunctional order was granted. On the trial, defendants, after introducing in evidence the judgment roll on which the execution in question was based, offered to show that *Walter D. McIndoe*, the plaintiff in this suit, and Charles Shuter constituted the firm of McIndoe & Shuter during the whole of the year 1854, and were the persons named as defendants in said judgment roll; but this testimony was rejected. Defendants then put in evidence the judgment docket, showing a judgment, as above stated, in favor of Robert Holmes and against *Walter D. McIndoe* and Charles Shuter; also the affidavit and notice for leave to issue execution, with proof of personal service of the same upon the plaintiff in this action and said Charles Shuter; also the order for the execution. In all these papers the christian names of the defendants in that action are given as above.

The circuit court found that the material facts alleged in the complaint were true, and held the execution to be void, and that the plaintiff was entitled to the relief demanded. Judgment accordingly; from which the defendants appealed.

*E. L. Browne* and *J. C. Hopkins*, for appellants, argued the following, among other points: 1. The judgment was not *void*. Its validity could not be impeached collaterally. *Woodward v. Hill*, 6 Wis., 143; *Vilas v. Reynolds*, id., 228; *Nash v. Church*, 10 id., 303; *Falkner v. Guild*, id., 563; *Allen v. Huntington*, 2 Aiken, 250; 6 Vt., 511; *Walbridge v. Hall*, 3 id., 119; *Tallman v. McCarty*, 11 Wis., 401. 2. The warrant of attorney is an essential part of the record, and shows that *Walter D. McIndoe* and Charles Shuter constituted the firm of McIndoe & Shuter. It is enough that it appears from the whole record that they were the judgment defendants. 3. A judgment by confession against "McIndoe & Shuter, partners, &c.," is good against the real parties constituting such firm. *Smith's Appeal*, 11 Wright (47 Pa. St.), 128; Am. Law Reg., Feb., 1865, p. 255. A deed in which the grantees were so named, would be valid. *Morse v. Carpenter*, 19 Vt., 613–16;

*Staak v. Sigelkow*, 12 Wis., 237–43. 4. The testimony offered to show that *Walter D. McIndoe* and Charles Shuter constituted the firm of McIndoe & Shuter in 1854, should have been received. *Tallman v. Ely*, 6 Wis., 256; *Smith v. Bowker*, 1 Mass., 76; *Waterbury v. Mather*, 16 Wend., 613. The real grantee in a deed may be identified by parol evidence where a wrong christian name is used in.the deed. *Staak v. Sigelkow*, *supra*. The subject matter of a former suit may be identified by parol evidence. *Driscoll v. Damp*, 16 Wis., 108. Why not identify the parties to a former suit in the same way ? 5. The plaintiff is estopped from denying the existence and validity of a judgment against himself and Charles Shuter, and the validity of the execution thereon, by his neglect to appear and object after personal service upon him of the notice of motion for leave to issue such execution, with the affidavit on which such motion was founded. *Jackson v. Hoffman*, 9 Cow., 272; 1 Chitty's Pl., 245; *Dezell v. Odell*, 3 Hill, 216. 6. *Walter D. McIndoe* and Charles Shuter having appeared by attorney and confessed their liability on a note executed by them in the firm name of McIndoe & Shuter, and permitted judgment to be entered against them in that name, and released all errors in the issuing of execution as well as in the entry of judgment, neither of them can now object to the execution on the ground that it does not follow the judgment in respect to the persons named as defendants. 7. The complaint does not allege that the plaintiff is not one of the persons liable on the judgment, or that he will suffer any injustice from its enforcement. He does not show any ground, therefore, for the interference of a court of equity.

*Minor Strope* and *S. U. Pinney*, for respondent, contended, 1st. That equity would interfere to prevent a cloud upon title from a sale under an execution, fair on its face, but not supported by any judgment, citing 2 Story's Eq. Jur., §§ 825, 826 et seq.; *Hamilton v. Cummings*, 1 Johns. Ch., 516; *Pettit v. Shepherd*, 5 Paige, 493; 3 Munf., 559; *Bromley v. Holland*, 7

Vesey, 3; *Jackman v. Mitchell,* 13 id., 581. In *Lee v. Peckham,* 17 Wis., 383, this court sustained a suit to restrain the collection of usurious judgments, though the plaintiffs might have applied to the court where the judgments were rendered to have them opened and for leave to defend on the same grounds on which relief was granted in equity. 2. The judgment against "McIndoe & Shuter" is void for uncertainty. The docket entry was a mere ministerial act of the clerk, and no part of the judgment. If an action had been brought on the judgment against *Walter D. McIndoe* and Charles Shuter, and they had pleaded *nul tiel record,* this issue would have been triable by the court *by inspection of the record* (1 Dunl. Pr., 525; Gra. Pr, 615), and parol evidence would not be admissible to explain, enlarge or change the record. *Palmer v. Palmer,* 2 Conn., 462; 7 id., 6; *Holden v. Barrows,* 39 Me., 135; 32 Barb., 277. The judgment against "McIndoe & Shuter" would not warrant and support an execution against *Walter D. McIndoe* and Charles Shuter, and parol evidence was not admissible to show that they were in fact the same persons thus designated, with their christian names omitted. The use of a firm name in entering up judgments has not, we believe, received the sanction of any court, and the certainty required in judicial proceedings requires that it should not be countenanced in any form. *Crandall v. Denney & Co.,* 1 Pennington, 101. It is an elementary principle that an execution must be warranted and supported by the judgment in all material respects. The consequences of a failure in this respect are fully stated in *Palmer v. Palmer,* 2 Conn., 462. See 2 Tidd's Prac., 930; 1 Arch. Prac., 283; Graham's Prac., 311; 1 Burr. Prac., 288, 293, 294; *Farnham v. Hildreth,* 32 Barb., 277. It is no answer to say that the right person was or will be made to pay the debt. See also *Cole v. Hindson,* 6 Term., 234; *Shadgett v. Clipson,* 8 East, 328. Suppose the note had been signed "Wisconsin Mill Company," with a warrant of attorney from Walter D. McIndoe and Charles Shuter, to enter up judgment against them on it by

confession, and under it a judgment had been entered against "The Wisconsin Mill Company," *eo nomine.* It could scarcely be contended that execution could issue on it against *Walter D. McIndoe* and Charles Shuter. Suppose that *Walter D. McIndoe* and Charles Shuter were the corporators of that company. Could it then be maintained that on such a judgment execution could go against them as individuals? 3. Again it is a familiar principle that an authority to confess a judgment *must be construed strictly and strictly* pursued. The warrant of attorney in this case gave no authority to enter up such a judgment as this; the judgment is therefore void. 4. Nor are these objections obviated by the order allowing execution to be issued on the judgment. No amendment of the proceeding was made, and none sought to be made. All it amounted to was simply leave to issue such execution as the judgment already entered would warrant. It could not make that a good judgment which was of no avail before, nor could it give leave to issue execution against the property of any one who was not already properly made a party to the judgment and bound by it.

*By the Court,* DIXON, C. J. I think the objection to the judgment upon confession is without any foundation either at law or in equity. The defect was certainly cured by the statute of amendments before the code. R. S. 1849, ch. 100, sec. 7 and subd. 10. And by the next section it would have been the duty of the court below, and of this court upon error, to have granted an amendment. The record itself supplies the means. The full names of the judgment debtors appear by the warrant, which by statute was to be, and was, filed with the clerk. R. S. 1849, ch. 102, sec. 13. Under the English statutes from which ours was copied, only with greater liberality of amendment, the practice has always been to amend where there is anything in the record to amend by. Mr. Tidd lays down the rule, in compliance with which he says, " it has been

determined that the original writ, or bill, is amendable by the instructions given to the officer; the declaration by the bill; the pleadings, subsequent to the declaration, by the paper-book, or draft under counsel's hand; the *nisi prius* roll by the plea roll; the verdict, whether general or special, by the plea roll, memory, or notes of the judge, or notes of the associate, or clerk of assize; and if special, by the notes of counsel, or even by an affidavit of what was proved on the trial; the judgment by the verdict; and the writ of execution by the judgment, or by the award of it, on the roll, or by former process." 1 Tidd's Prac., 713. If the defect was cured or amendable before the code, I think it is now. I think that everything which was accomplished by the old statute, with all its details, is now effected by two sections of the present revision. R. S. 1858, ch. 125, secs. 37, 40. Under the latter, it seems to me, the defect must be disregarded; but if not, then the court undoubtedly must amend under the former.

But if I am wrong in this, and the omission is not cured, still it is but error, and the errors have been released.

A more conclusive answer, however, in this case is, that the plaintiff has an adequate remedy by motion in the action in which the judgment was rendered, to set it aside, and that a court of equity will not entertain the proceeding. It has frequently been held that courts of law exercise an equitable supervision over judgments entered upon warrants of attorney, and will, upon motion, stay, modify or vacate them, and award issues for the trial of facts, as the ends of justice may require. *Van Steenwyck v. Sackett*, 17· Wis., 657. And where the objection arises upon the face of the record, this is the only remedy. But when it is founded upon facts not appearing by the record, and which must be established by parol or other extrinsic evidence, then a suit in equity may be maintained. Such was the case of *Lee v. Peckham*, 17 Wis., 383, referred to by counsel for respondent.

Another and most conclusive answer to this action, if it be

necessary to multiply them, is that the plaintiff shows no equi-
ty.    Courts of equity will not listen to applications to correct
mere errors of law, unconnected with the substantial rights of
the party.    This principle has been often acted upon by this
court.    *Ableman v. Roth*, 12 Wis., 90, 91, 92 ; *Stokes v. Knarr*,
11 Wis., 389 ; *Warden v. Sup. Fond du Lac Co.*, 14 Wis., 618 ;
*Kellogg v. Oshkosh*, id., 624 ; *Miltimore v. Rock Co.*, 15 Wis., 9 ;
*Bond v. Kenosha*, 17 Wis., 284.

The judgment of the circuit court must be reversed, and the
cause remanded with directions that it be dismissed.