STOWELL and others vs. ELDRED, impleaded, etc.

EQUITY: *Action on judgment; equitable defense.—Perjury of plaintiff called as witness for defendant.—Laches of defendant in not procuring other testimony.*

1. In an action upon a judgment, an answer showing that the judgment was obtained through perjury of the plaintiff, called as a witness for defendant in that suit, and that defendant was guilty of no *laches* as to procuring other testimony at that time, *held* good on demurrer.
2. Where facts constituting a defense in the former action were known to an agent of the plaintiff, as well as to the plaintiff himself, and defendant, after due diligence, was unable to find such agent or obtain his testimony, it was not *laches* for him to go to trial (without asking for a continuance), and to call the plaintiff as a witness, relying upon his not committing perjury.

APPEAL from the Circuit Court for *Milwaukee* County.

The defendant *Anson Eldred* appealed from an order sustaining a demurrer to the answer.

*John W. & A. L. Cary*, for appellant, argued that a judgment which it is unconscionable to enforce, will be enjoined in equity, where the injured party could not avail himself of the facts in the suit at law. *Dobson v. Pearce*, 12 N. Y. 165; *Reigal v. Wood*, 1 Johns. Ch. 402; *Duncan v. Lyon*, 3 id 356; *Pearce v. Olney*, 20 Conn. 554; Story's Conflict of Laws, § 609; *Borden v. Fitch*, 15 Johns. 121; *Foster v. Wood*, 6 Johns. Ch. 87; *Simpson v. Hart*, 1 id. 98; *Ocean Ins. Co. v. Fields*, 2 Story, 59, 77, 78. This case and that of *Borden v. Fitch* fully sustain the position that,

where the plaintiff knowingly prosecutes a fraudulent claim, which the defendant is unable to defend against, and recovers judgment, equity will relieve against it, if there has been no fault or laches on the part of the defendant. *Ableman v. Roth*, 12 Wis. 81; *Tilly v. Wharton*, 2 Vern. 378; *Coddrington v. Webb*, id. 240; Story's Eq. § 887; *Davis v. Tileston & Co.*, 6 How. 114; *Moore v. Gamble*, 1 Stockt. Ch. 246; *Humphries v. Bartee*, 10 S. & M. 282; *Nelson v. Rockwell*, 14 Ill. 375; *Carrington v. Holabird*, 17 Conn. 537; *Countess of Gainsborough v. Gifford*, 2 P. Wms. 425; *Huebschman v. Baker*, 7 Wis. 542. Where there was a distinct and decided fraud in the proceedings by which the judgment was obtained, *as by putting in testimony which the party believed to be false*, courts of. equity will, in their discretion, grant relief by reexamining the case on the merits. 2 Story's Eq. § 1574. Even where judgments are obtained by the perjury of witnesses who are not parties in interest, the decisions are uniform in granting a new trial or enjoining the judgment. 3 Gra. & Wat. on N. T. 1542–1543, and cases there cited. *A fortiori* the judgment will be enjoined when the perjury was that of a party in interest. See also, 1 Chan. Cas. 23; Precedents in Ch. 193; *Emerson v. Udall*, 13 Vt. 477; *Cutting v. Carter*, 29 id. 72; 3 Gra. & Wat. 1534, et seq.; 2 Story's Eq. §§ 1574, 1575.

*Ellis, Hastings & Greene*, for respondents:

1. A defense cannot be set up as ground for an injunction which has been tried at law, although it may be the opinion of the court of equity that the defense ought to have been sustained at law. 2 Story's Eq. § 894; *Marine Ins. Co. v. Hodgson*, 7 Branch, 336; *Martin v. Harding*, 3 Iredell Eq. 606; *Yongue v. Billups*, 23 Miss. 407. Equity will interfere against a judgment at law only when the defense is such that the party could not have availed himself of it at law, or was prevented from so doing by fraud of the other

party, *or accident unmixed with any fault or negligence in himself.* *Walker v. Kretsinger,* 48 Ill. 502; Willard's Eq. Jur. 356; *Floyd v. Jayne,* 6 Johns. Ch. 479. It will never grant relief where a party has been deprived of his defense *in any manner through his own neglect or laches.* *Vaughn v. Johnson,* 1 Stockt. Ch. 173; *Powell v. Watson,* 6 Iredell Eq. 96; *Dodge v. Strong,* 2 Johns. Ch. 228; *Lansing v. Eddy,* 1 id. 50. And it matters not that the new evidence produced may be such as to put the question beyond all doubt—as a receipt in full from the plaintiff for the amount recovered by him, or a deed or other writing. *Mason v. Palmerton,* 2 Carter (Ind.) 117; *Marriot v. Hampton,* 7 Term, 269; *Young v. Keighly,* 16 Ves. 349. A judgment will not be enjoined, or a new trial granted in equity upon the ground that a witness, upon whose testimony the judgment was obtained, was mistaken or willfully swore false. *Smith v. Lowry,* 1 Johns. Ch. 320; *Vaughn v. Johnson,* 1 Stockt. Ch. 178. The only fraud alleged here is, that one of the plaintiffs, as a witness at the trial, denied allegations in defendant's answer, which defendant now insists *he is informed and believes to be true.* There are few judgments which might not be impeached on that ground. 2. The answer fails to show diligence on the part of the defendant. (1.) It fails to show what efforts, if any, were made to procure the attendance or testimony of Scofield. (2.) It fails to show any effort to procure the testimony of the other plaintiffs, or of Pearson and Avery, the alleged subsequent lessees. It was the grossest negligence for defendant to go to trial, and rely on *Haven* to prove allegations which he denied on the record, always had denied, and still denies. A party has no right to go to trial without knowing what his witnesses will swear to, and then ask to be relieved from the judgment against him on the ground of surprise. *Williams v. Lockwood,* 1 Clark Ch. (N. Y.) 172. Much less is he justified in going to trial when he has every reason to

know that his witnesses will not sustain his defense. (3.) The answer fails to show that any effort was made to obtain a continuance to procure the testimony of Scofield. This was fatal negligence. *Smith v. Lowry*, 1 Johns. Ch. 321; *Dilly v. Barnard*, 8 Gill and J. 187. (4.) It fails to show any effort by defendant, after the trial, to procure further testimony and a new trial from the court that rendered the judgment. 2 Story's Eq. § 895. 3. In determining the sufficiency of a bill for review or new trial, equity is governed by the same rules that control a court of law upon a similar application. Statements of material facts upon information and belief are insufficient, and the bill should be accompanied by the affidavit of the new witness as to the facts that he will swear to. 12 Wis. 89; Story's Eq. Pl. §§ 304–312.

COLE, J. This is an appeal from an order sustaining a demurrer to the amended answer of the defendant *Anson Eldred.* The action is upon a judgment rendered in April, 1866, by the circuit court of Cook county, Illinois, for the sum of $11;680.14, in favor of the plaintiffs and against the defendants. The answer demurred to, alleges that said judgment was fraudulently obtained as to $6,503.84, and demands that for this amount the judgment should be enjoined. It is not denied but the answer must have the same effect given to it as a bill in equity under the old practice to relieve against a judgment at law. If, therefore, the matters stated in the answer would constitute good grounds for an injunction in a bill of equity, they must be sustained as a defense here.

It is claimed by the defendant that the matters stated in the answer show that the judgment is unjust; that it was procured by perjured testimony given by one of the plaintiffs; and that it would be unconscionable to allow it to be enforced for the full amount. The rule seems to be quite well settled,

that chancery will relieve against a judgment at law on the ground of its being contrary to equity, when the defendant in the judgment was ignorant of the fact in question pending the suit, or it could not have been received as a defense, or when he was prevented from availing himself of the defense by fraud or accident, or the acts of the opposite party unmixed with negligence or fault on his part. *Foster v. Wood*, 6 Johns. Ch. 86 ; *Merritt v. Baldwin*, 6 Wis. 439 ; *Huebschman v. Baker*, 7 id. 542 ; *Ableman v. Roth*, 12 id. 81.

This doctrine is not seriously contested by the plaintiff; but it is insisted that there are no facts alleged in the answer showing that any fraud was practiced by the plaintiffs upon the defendant, or that he was diligent in trying to find the witnesses to sustain his defense. But we think otherwise. To our minds the answer not only shows, with sufficient particularity, that a high crime was committed on the trial by one of the plaintiffs swearing falsely upon a most material fact in the original suit, but it also shows that the ddefenant has not, by his *laches*, forfeited his right to claim the interposition of a court of equity to enjoin the judgment. Of course, the allegations of the answer must be assumed to be true on the demurrer. And this being so, we are certainly warranted in saying that the plaintiff *Samuel R. Haven*, who was the only one of the plaintiffs present at the trial, and who was called as a witness by the defendant to prove the agency of Scofield in accepting the surrender of the demised premises, was guilty of perjury. The principal ground of defense in the original suit was, that the defendants in that suit were not liable for rent after the first of April, 1862, because Scofield, the duly authorized agent of the plaintiffs, then accepted a surrender of the lease and premises, immediately entering into the possession of them in the name of the plaintiffs, and leased them to other parties. These facts the defendant endeavored to prove on the trial

by the plaintiff *Haven*, who testified that Scofield never had any authority to accept the surrender of the premises and take possession of them on behalf of the plaintiffs. The answer shows that this testimony was false. The answer further shows that the agent Scofield had removed from and left the city of Chicago, and that his place of residence was unknown to the defendant, who, upon diligent inquiry, was unable to find or procure such agent as a witness on the trial. And the question now is : Was the defendant guilty of laches in going to trial under the circumstances, without asking for a continuance of the cause to enable him to procure the attendance of Scofield, and relying upon the plaintiff *Haven* telling the truth under oath ? It seems to us not. If a party goes to trial relying upon the opposite party to prove his case when called as his witness, he may have no equitable ground for relief upon failing to prove what he expected to, so long as such opposite party testifies truly to matters within his knowledge. But he has a right to act upon the presumption that the opposite party, when sworn, will not commit perjury. We, therefore, do not think that it was negligence for the defendant to go to trial relying upon the plaintiff *Haven* testifying truly in regard to the agency of Scofield.

It appears from the answer that some time in the month of January, 1870, the defendant learned, for the first time, that Scofield was in Chicago, which was the first knowledge and information the defendant had been able to get concerning Scofield since the commencement of the suit in which the judgment was obtained. In March following, he called upon Scofield, and learned that he was the duly authorized agent of the plaintiffs to look after the leased premises, and that he was expressly authorized by them to take possession on the surrender of the lease by the defendants in the judgment named. At this interview Scofield exhibited to the defendant a written power of

attorney to him from the plaintiffs, authorizing him to make and execute the subsequent lease to Pearsons & Avery, and also letters written by *Samuel R. Haven* and by *George W. Johnson,* two of the plaintiffs, authorizing him to take possession of the premises and rent them, and also acknowledging the receipt of rent paid by Pearsons & Avery.*

Now, as we have already remarked, according to these statements in the answer, the plaintiff *Haven* was guilty of perjury in testifying upon the trial that Scofield was not the plaintiffs' agent duly authorized to accept for them a surrender of the demised premises. Upon that point no proof was offered, nor could any be obtained except his testimony. If he had testified truly, a perfect and valid defense would have been established in that action to so much of the judgment as is now sought to be enjoined. There can be no possible doubt that if the defendant had known the real facts, and had sufficient proofs thereof, he might have set up the surrender of the premises as a bar to the plaintiffs' recovery of the subsequent rent. But this he did not know, and upon calling as his witness one of the plaintiffs, the only person present at the trial cognizant of the facts, he was defeated through the turpitude and perjury of that witness. It seems to us that if these allegations of fraudulent concealment and false swearing are sustained, they constitute a sufficient ground for equitable relief against the judgment to the extent sought to be enjoined.

*By the Court.*—The order sustaining the demurrer to the answer is reversed, and the cause remanded for further proceedings.

---

* The answer alleges that this power of attorney and these letters are now in the defendant's possession.    REP.