Barber vs. Rukeyser.

## BARBER vs. RUKEYSER.

EQUITY: LACHES.  *When relief will not be granted against judgment at law.*

1. Equity will relieve against an inequitable judgment at law, where the judgment defendant was ignorant, pending the legal action, of the facts showing such judgment to be contrary to equity; or they could not have been set up as a defense; or he was prevented from availing himself of them, by fraud, accident, or the acts of the adverse party, without negligence or fault on his own part.

2. The attorney of the defendant in a legal action had notice that the action was called for trial, and was requested by an officer of the court to attend at once and look after it, and neglected to appear and set up the defense now alleged. Notice of the taxation of costs and of the entry of judgment was served on said attorney, who failed to appear at the taxation or object to the entry of judgment; and no motion was made to vacate the judgment while it was under the control of the court. During the whole time, the facts now relied upon as showing a defense (if they existed) were well known to said defendant. *Held,* that by reason of his *laches,* equity will not interfere to relieve him from the judgment.

APPEAL from the County Court of *Milwaukee* County.

Action to restrain the collection of a judgment at law previously rendered in the same court in favor of the present defendant, *Adolph Rukeyser*, against *Barber*, the present plaintiff. *Barber* claimed, among other things, and introduced evidence to show, that the judgment was taken in violation of an oral agreement between the attorneys of the respective parties. The facts found by the court are substantially as follows:

Two actions were brought successively, in justices' courts, to recover possession of *the same personal property;* the first an action by *Barber,* the present plaintiff, against one Simon Rukeyser, in which *Barber* had judgment and obtained possession of the property; the second an action by *Adolph Rukeyser* against *Barber,* in which the latter again had judgment in his favor. Both of these cases having been appealed to the county court, and being upon the calendar of that court for trial, the parties, on the 17th of September, 1873, stipulated that the case of *Adolph Rukeyser v. Barber* should be continued until Barber v. Simon Rukeyser was disposed of, "without prejudice to the right of appeal in both cases;" and it was accordingly so continued. They also entered into a stipulation in each of said cases, as to the facts upon which the legal rights of the parties in respect to the ownership and possession of the property depended. On the 17th of November following, the case of Barber v. Simon Rukeyser was tried, and judgment rendered therein in favor of Simon Rukeyser for the value of said property and costs of the action, the defendant therein waiving a return of the property and damages for its detention. By the terms of said judgment the court adjudged that *Adolph Rukeyser* was the the owner of the property, and that Simon Rukeyser was *lawfully in possession thereof as his bailee* at the time of the commencement of said action. This judgment was fully paid and satisfied on the tenth of January, 1874. After the entry of said judgment, to wit, on the 20th of November, 1873, the case of *Adolph Rukeyser v. Barber* was noticed for trial by both parties for the December term of the court, but was not tried at that term, and was again noticed for trial by both parties, January 27, 1874, for the following March term. When the cause was reached, the attorney for *Adolph Rukeyser* appearing and moving said cause, the court sent an officer to notify *Barber's* attorney that said cause had been reached, and request him to come at once and attend on the trial

thereof. .The officer returned, and informed the court that he had notified said attorney, " and was informed by him that he would attend to it." After waiting a sufficient time, the attorney not appearing, the court proceeded with the trial, and a judgment was rendered in favor of *Adolph Rukeyser*, awarding him the possession of the property or the value thereof in case a delivery could not be had, with damages for its detention, and costs, making an aggregate of $323.68. Notice of the findings, entry of judgment and taxation of costs was duly served upon *Barber's* attorney, who did not appear at or object to the taxation, nor file exceptions to said findings, nor object to the entry of judgment in the action, or to the judgment until after execution had been issued and returned unsatisfied, and proceedings supplementary commenced. On the 24th of April, 1874, upon an affidavit of said attorney, an order was made on *Adolph Rukeyser* to show cause why said judgment should not be set aside; but at the May term, 1874, the motion to set aside the judgment was withdrawn, and the present action commenced. On the 16th of September, 1874, after the commencement of this action, *Adolph Rukeyser* assigned the judgment in question, for value, to his attorney, " with authority to enforce, in such form and manner as he deems fit, the payment thereof, in his name or otherwise, but at his own cost and charge;" and said attorney agreed in writing, if the judgment were sustained and collected for the full amount, to account to *Adolph Rukeyser* for $50 thereof, " as his share and portion, free and clear of any costs or charges" on account of the services of such attorney in that action or in the present action to vacate such judgment. After this assignment had been filed and entered in the office of the clerk of the court, to wit, on the 13th of October, 1874, *Adolph Rukeyser* executed and delivered to *Barber* a satisfaction of such judgment, in the usual form.

The court further found that " all negotiations with refer-

ence to the said cause were had before said stipulations were reduced to writing," and after that time no agreement, verbal or otherwise, was had between the attorneys of the parties with reference to said causes or the disposition that should be made of them.

Upon these facts, the court held that the recovery of said judgment in favor of Simon Rukeyser in the first mentioned action would have been a perfect defense in the action of *Adolph Rukeyser v. Barber*, if such defense had been duly interposed; that the judgment against *Barber* in the last named action had been obtained without any fraud practiced upon him or any undue advantage taken of him in the trial of the action, and after he had had a full opportunity to defend; that the assignment of such judgment, as above described, was not champertous, and the subsequent satisfaction thereof by *Adolph Rukeyser* was void as against the assignee; and that equity would not relieve against the judgment.

The defendant had judgment accordingly. The plaintiff filed exceptions to the findings of fact and conclusions of law, and appealed from the judgment.

The cause was submitted for the appellant on the brief of *Courtland P. Larkin* (*Rogers & Hover*, of counsel), in which it was argued, 1. That the doctrine that a party is estopped by the record where he has neglected to make his defense, does not apply to a case like this; that the guilty knowledge with which the judgment was entered, estops the other party from insisting upon it; and that, the whole transaction being fraudulent and against conscience, equity will relieve against the judgment. 22 Wis., 319. 2. That even assuming that there was no intention of fraud, and that no verbal contract or stipulation was ever in fact made for a discontinuance of the second action, still there can be no doubt that *Barber* and his attorney both *understood that such a stipulation had been made;* that the payment by *Barber* of the first judgment, under the advice of his attorney in pur-

suance of the agreement as he understood it, shows that the attorney acted in good faith, and that the judgment was entered through an excusable mistake on his part; and such judgment, having no just claim to support it, will be relieved against in equity. 6 Wis., 439; 7 id., 542, 607; 11 id., 389; 12 id., 81. 3. That there was at least no ground whatever for imputing any negligence or default to *Barber* himself, through which his defense had been lost, as he had employed an attorney in regular practice to attend to the case in all its stages, had given it a large degree of personal attention, and had finally relied upon what he understood to be a settlement, by which the claim was paid in full; and the case is therefore plainly within the doctrine of *Huebschman v. Baker*, 7 Wis., 542.

*J. V. V. Platto*, for respondent, contended, 1. That chancery will relieve against a judgment at law, on the ground of its being contrary to equity, only where it appears that "the defendant in the judgment was ignorant of the fact in question, pending the suit, or it could not have been received as a defense, or he was prevented from availing himself of the defense by fraud or accident or the acts of the opposite party, unmixed with negligence or fault on his part" (*Stowell v. Eldred*, 26 Wis., 507; *Merritt v. Baldwin*, 6 id., 439; *Wright v. Eaton*, 7 id., 595); and that this case was not within the rule. 2. That the case of *Rukeyser v. Barber* was on the calendar for trial for at least three terms before disposed of, yet it does not appear that the defense of a former recovery and judgment for the same cause was ever set up in that action. 3. That after the judgment in that action was entered, *Barber* had a remedy at law by moving in the case to open the judgment, obtaining leave to set up the matter now relied on, and having Simon Rukeyser brought in as a defendant, so as to conclude all parties (1 Barb. Ch. Pr., 619: 2 Paige, 26; 1 Clarke Ch., 307, 309; 17 Mass., 394; 14 Wis., 26, 96; 19 id., 597; 21 id., 387; 20 id., 311; 22 id., 311; id., 482; 24 id.,

Barber vs. Rukeyser.

38); and where there is an adequate remedy at law, a complaint in equity will be dismissed. 5 Wis., 397; 20 id., 639; 26 id., 570.

COLE, J. The facts in this case, as proven on the trial and found by the court below, furnish no sufficient ground for granting the relief demanded in the complaint. In *Stowell v. Eldred*, 26 Wis., 504, this court said that the rule was well settled that a court of chancery would relieve against a judgment at law on the ground of its being contrary to equity, when the defendant in the judgment was ignorant of the fact in question pending the suit, or it could not have been received as a defense, or when he was prevented from availing himself of the defense by fraud or accident, or the acts of the opposite party, unmixed with negligence or fault on his part. The ground for impeaching the judgment in this case is, that it is inequitable and unjust, and was in violation of a verbal stipulation between the attorneys, that, in the event the action of the plaintiff against Simon Rukeyser was decided in favor of the defendant in that action, then the suit in which the judgment sought to be enjoined was obtained, should be discontinued. There is great conflict in the evidence whether any such verbal stipulation was entered into, and the court found that there was not. But, assuming the fact to be otherwise, yet the plaintiff has been guilty of such gross laches as must preclude him from asking relief against the judgment.

It appears that the attorney of the plaintiff had notice that the case of *Adolph Rukeyser* was called for trial, and he was requested by an officer of court to attend at once and look after it. He neglected to appear and set up the defense that by the stipulation, or in consequence of the payment of the judgment in the Simon Rukeyser case, this cause was to be discontinued. Furthermore, notice of the taxation of costs and of the entry of judgment was served upon the attorney of the present plaintiff, and such attorney failed to appear at the

taxation or object to the entry of judgment. No attempt was made, by motion, to vacate the judgment within the term at which it was rendered, or while it was under the control of the court, upon any ground upon which it is now sought to impeach it. All the facts then existed, within the knowledge of the party, affecting the justness and integrity of the judgment. When a party is in possession of all the facts constituting his defense, has an ample opportunity to avail himself of them, but absolutely neglects to do so while relief in the action itself is within the reach of the court, he must abide the consequences. "Equity always discountenances laches." 1 Story's Eq. Jur., § 64 a.

*By the Court.* — The judgment of the county court is affirmed.