## HILES vs. MOSHER.

EQUITY.  *Restraining execution of judgment.  Laches.*

In a suit to restrain execution of a judgment at law, on the ground that the alleged facts upon which such judgment was based did not exist, and that it was taken through the failure of this plaintiff's attorneys to defend, and that all the proceedings subsequent to service of summons upon him were taken without his knowledge, he being absent during a large part of the time from the county where such action at law was

pending: *Held*, that, as the complaint shows *gross laches* on plaintiff's part, and mere negligence on the part of his attorneys (no charge of fraud or collusion being made against them), it fails to state a cause of action.

APPEAL from the Circuit Court for *Wood* County.

In November, 1874, one Baker was declared by the board of county canvassers of Wood county to have been elected clerk of that county at the preceding general election; and in December following, the plaintiff and others as sureties, with said Baker as principal, executed the official bond given by the latter as such clerk. In December, 1876, a judgment was recovered for over $4,000 against Baker and his sureties, for an alleged breach of said bond in Baker's failure to account for moneys received by him during his term of office. This action was brought in February, 1878, against the treasurer of said county, to restrain the enforcement of said judgment. The complaint herein alleges, in substance, that in the action on said bond this plaintiff was served with the summons only, without the complaint; that, at the time of such service and for a long time thereafter, he was wholly ignorant of the nature of the demand in that action; that, although his domicile and the residence of his family was in said county, yet he then was, and long had been and has been ever since, extensively engaged in business in the state of Minnesota; that, from the time of such service until near the commencement of this action, he had been almost constantly in that state, "with brief intermissions of a day or two at a time, while attending to his business in Wood county;" that soon after such service he placed said summons in the hands of certain attorneys-at-law residing in Grand Rapids in said county, who were retained by him as counsel, and whom he had employed to transact all his legal business in said county, and requested them to serve a notice of retainer, and demand a copy of the complaint in said action, and inform him of the nature and amount of the claim therein, all which they promised to do;

that said attorneys served such notice of retainer, and received a copy of the complaint; that they answered generally in that action, admitting many allegations in the complaint and generally denying others, without consulting this plaintiff or informing him of their intention; that said action was afterwards referred for the taking of proof and the statement of an account, and the referee's report made and confirmed, and judgment entered thereon, all without this plaintiff's knowledge or consent; that, during and after the hearing before the referee, this plaintiff's said attorneys abandoned the defense of the suit, " and virtually and substantially allowed the plaintiff in said suit to enter judgment therein without objection and by default; " that said attorneys did not notify this plaintiff of the hearing before the referee, nor that the cause was for trial at the term of judgment (December term, 1877), nor did they make any objection to the entry of such judgment, but directed the attorneys for the plaintiff in that action " to go ahead and take judgment, as they had nothing to say; " nor did they inform this plaintiff that they had abandoned, or intended to abandon, the defense of said cause; and plaintiff was wholly ignorant thereof, as well as of the fact that the cause had been referred, or that judgment had been entered therein, until about January 22, 1878, when he forthwith employed another attorney to procure such judgment to be vacated. The complaint further alleges that it would be against equity and good conscience to permit such judgment to be enforced; that plaintiff, if he had known of the hearing of said action, could have proved, and is now ready to prove, that all moneys received by said Baker during his term of office, while this plaintiff was surety as aforesaid, were by said Baker fully accounted for and paid over pursuant to law; and that said Baker and plaintiff's two cosureties on said bond, and the attorneys retained by this plaintiff to defend said action, are wholly insolvent, etc.

The complaint was demurred to, on the grounds, 1. That

all the obligors in said bond should have been joined as plaintiffs; and 2. That it did not state a cause of action. The court sustained the demurrer, giving plaintiff thirty days to make the other obligors parties, and to serve an amended complaint; and from this order the plaintiff appealed.

*Henry Hayden*, for the appellant.

There was a brief for the respondent by *Geo. R. Gardner* and *J. A. Gaynor*, and oral argument by *Mr. Gardner*.

ORTON, J.   The demurrer to the complaint in this case was properly sustained, on the ground that it does not state a good cause of action.

The complaint shows the grossest negligence and laches of the plaintiff himself, and mere negligence on the part of his counsel in defense of the action in which the judgment was rendered.   It does not appear from the complaint that he paid the slightest attention to the case after the service of the summons, although he resided in the county of Wood, and was frequently there attending to other business; and he does not charge in his complaint that his attorneys were guilty of any corrupt conduct, fraud or collusion in neglecting or abandoning the defense.   The grounds for relief in this case are not as strong or meritorious as in *Barber v. Rukeyser*, 39 Wis., 590, in which Mr. Justice COLE applies and reässerts the rule laid down in *Stowell v. Eldred*, 26 Wis., 504, "that a court of chancery would relieve against a judgment at law, on the ground of its being contrary to equity, when the defendant in the judgment was ignorant of the fact in question pending the suit, or it could not have been received as a defense, or when he was prevented from availing himself of the defense by *fraud or accident*, or the acts of the opposite party, *unmixed with negligence or fault on his part.*"

*By the Court.*— The order of the circuit court is affirmed, with costs.