THOMAS vs. WEST, Executor, etc.

*November 24 — December 11, 1883.*

*(1) When equity will relieve against void judgment. (2) Docket entries of void judgment may be stricken out.*

1. If the judgment in an action at law is not inequitable as between the parties, no matter how irregular or void it may be, a court of equity will not interfere, but will leave the parties to their remedies at law. The fact that the judgment creates a cloud upon the title to land does not alter the rule.
2. Where a void judgment of a justice of the peace has been docketed in the circuit court, that court may, on motion, vacate the docket entries and strike the transcript from the files.

APPEAL from the Circuit Court for *Waukesha* County. The facts are stated in the opinion. The plaintiff appealed from an order sustaining a demurrer to the complaint.

*D. H. Sumner*, for the appellant.

For the respondent there was a brief by *P. H. Carney*, attorney, and *J. V. V. Platto*, of counsel, and oral argument by *Mr. Platto*.

TAYLOR, J. This action was brought by the appellant to vacate and set aside the transcript of a justice's judgment against him, which had been filed and docketed in the office

of the clerk of the circuit court of Waukesha county, so as to become an apparent lien upon the real estate of the appellant, situate in said county. The complaint sets out facts showing that there were certain irregularities and omissions in the proceedings in the justice's court, and in the docket entries in the action in said court, which, it is claimed, make it apparent that the judgment from which the transcript was taken was void. There is, however, no allegation in the complaint showing that the appellant was not properly served with process in the action in the justice's court, nor that the defendant in said action (the present appellant) was not indebted to the plaintiff therein in the sum for which judgment was rendered against him.

It is well settled by the decisions of this court that a court of equity will not set aside a judgment rendered in an action at law, merely because it may be void for want of jurisdiction of the court rendering the same, or for irregularities which render it void. Where a court of equity proceeds to set aside a judgment at law, it proceeds upon equitable considerations only. If the judgment rendered is not inequitable as between the parties, no matter how irregular or void the same may be, a court of equity will not interfere, but will leave the defendant to such remedies as a court of law can give him, to avoid the effect thereof. *Stokes v. Knarr*, 11 Wis., 389; *Ableman v. Roth*, 12 Wis., 81, 90; *Merritt v. Baldwin*, 6 Wis., 439; *Wright v. Eaton*, 7 Wis., 595; *McIndoe v. Hazelton*, 19 Wis., 567; *Barber v. Rukeyser*, 39 Wis., 590; *Jilsun v. Stebbins*, 41 Wis., 235; *Hiles v. Mosher*, 44 Wis., 601; *Marsh v. Edgerton*, 2 Pin., 230; *Sauerhering v. I. R. & M. R. R. Co.*, 25 Wis., 447, 459.

The learned counsel for the appellant, while admitting the general rule above stated, claims that this court has established a different rule where the void judgment or proceeding creates an apparent cloud upon the title to the real estate of the party seeking to set it aside. We know of

no case in this court. where an equitable action has been sustained to set aside a judgment simply on the ground that the same was void for want of jurisdiction of the court rendering the same, or for any other irregularity which rendered the same void. This court has frequently sustained equitable actions to set aside a void tax or assessment which was an apparent specific lien upon some particular parcel of real estate. But it will be seen that in all these cases where the relief was granted for mere irregularities in the proceedings which rendered them void, and where no equitable considerations are alleged or proven, the relief was granted only upon the payment of the irregular tax or assessment. *Hart v. Smith,* 44 Wis., 213, 222; *Arnold v. Supervisors,* 43 Wis., 627; *Bond v. Kenosha,* 17 Wis., 284; *Warden v. Supervisors,* 14 Wis., 618; *Pierce v. Schutt,* 20 Wis., 423; *Kimball v. Ballard,* 19 Wis., 601. The rule established by these cases, that a party seeking to set aside an illegal tax must pay or tender such tax as was justly due before relief will be granted, was applied in an action to set aside a judgment upon confession irregularly entered in *Lee v. Peckham,* 17 Wis., 383, 391. If these cases are invoked by the appellant to maintain his action in this case, he should have offered to pay the debt which he impliedly admits was due to the plaintiff in the justice's judgment. That he does not offer to do.

There are no allegations in the complaint which tend to show that there are any equitable considerations in favor of the appellant which would justify the interference of a court of equity to set aside the transcript of judgment. There is another consideration which we think ought to be decisive of this case, viz., the appellant has a complete remedy at law. If the judgment from which the transcript was taken be absolutely void (a question which we do not decide in this case), he may apply to the circuit court by motion to vacate the docket entries and strike the transcript from the files of

the court. *McIndoe v. Hazelton,* 19 Wis., 567, 573. In this case it is held that where the defects which it is claimed render the judgment void all appear upon the record, the only remedy of the party seeking to avoid the judgment is by motion or other proceedings in the court where the judgment was rendered, and in such case an action in equity cannot be maintained.

*By the Court.*— The order of the circuit court is affirmed, and the cause remanded for further proceedings.