## WILKINSON vs. REWEY.

*January 31 — February 19, 1884.*

EQUITY. *Relief against judgment or execution at law.*

A court of equity will not interfere to restrain the sale of lands under an execution issued upon a judgment at law which, though irregular or void, is not inequitable or unjust as between the parties; nor where complete relief can be obtained by motion in the original action.

APPEAL from the Circuit Court for *Grant* County.

The case is sufficiently stated in the opinion.

For the appellant there was a brief by *Bushnell & Watkins*, and oral argument by *Mr. Bushnell*.

For the respondent there was a brief by *Carter & Cleary*, and oral argument by *Mr. Carter*. To the point that an ·officer is protected by process fair and regular upon its face, they cited, besides the cases cited in the opinion: *Bagnall v. Ableman*, 4 Wis., 179; *Watkins v. Page*, 2 id., 92; *Savacool v. Boughton*, 5 Wend., 170; *Lewis v. Palmer*, 6 id., 367; *Holmes v. Nuncaster*, 12 Johns., 395; *Earl v. Camp*, 16 Wend., 562; *Warner v. Shed*, 10 Johns., 138; *Deyo v. Van Valkenburgh*, 5 Hill, 242; *Noble v. Holmes*, id., 194.

ORTON, J. This is a complaint to enjoin the sale of the lands of the plaintiff, by the defendant as sheriff, upon two executions issued upon two pretended judgments against her, which she alleges are no judgments, on the grounds, as to one, that it had not been properly docketed, and, as to the other, that there were no parties to it. This appeal is taken from an order dissolving a preliminary injunction which had been issued upon the complaint.

The objection made by the learned counsel of the respondent, that a court of equity will not exercise jurisdiction in such a case, is well taken. The two judgments, such as they are, are of record in the circuit court, and they could be set aside and vacated, and the executions recalled, upon motion in the two respective cases in that court, and a complete remedy had thereby at law, without asking the interference of a court of chancery in another suit. All possible and adequate remedies which may be obtained in one suit must be sought in that suit, rather than by another suit, either at law or in equity. This is an elementary principle. Where there is an adequate remedy at law, courts of equity will not take jurisdiction, is another elementary principle. Both of these principles are violated in this action. But, without

delay to treat upon these questions, it may better be said at once that this court has recently decided the question here raised, upon full argument, due deliberation, and authority, in *Thomas v. West, ante,* p. 103. That was a bill in equity to set aside a void judgment as an apparent lien upon the defendant's land and cloud upon his title. Mr. Justice TAYLOR removes the foundation of this action by the well-established principle, tersely expressed as follows: "Where a court of equity proceeds to set aside a judgment at law, it proceeds upon equitable considerations only. If the judgment rendered is not inequitable as between the parties, no matter how irregular or void the same may be, a court of equity will not interfere, but will leave the defendant to such remedies as a court of law can give him to avoid the effect thereof;" citing *Stokes v. Knarr,* 11 Wis., 389; *Ableman v. Roth,* 12 Wis., 81, 90; *Merritt v. Baldwin,* 6 Wis., 439; *Wright v. Eaton,* 7 Wis., 595; *McIndoe v. Huzelton,* 19 Wis., 567; *Barber v. Rukeyser,* 39 Wis., 590; *Filsun v. Stebbins,* 41 Wis., 235; *Hiles v. Mosher,* 44 Wis., 601, and other cases.

In this case it is not alleged that the plaintiff did not honestly owe the debts for which these pretended judgments were rendered, or that she did not have due notice of the actions, or that there is anything unjust or inequitable in the judgments. It is true, the complaint alleges that there were no judgments at all upon which the executions were issued. But the record shows that there were judgments rendered, whether properly docketed or entitled, or not. If there are absolutely no judgments at all, the executions are void *ab initio* and at law, and a sale under them would cast no cloud upon the title. The executions are regular and fair upon their face, and recite judgments, and the sheriff ought not to be harassed by suits in such a case, when ample remedies at law are available against the plaintiffs in the judgments and executions, for the rule is that an officer is protected by such process. *Sprague v. Birchard,* 1 Wis., 467;

*Young v. Wise,* 7 Wis., 129; *Bogert v. Phelps,* 14 Wis., 88; *McLean v. Cook,* 23 Wis., 364; *Grace v. Mitchell,* 31 Wis., 539, and other cases cited in the brief of respondent's counsel. The injunction was properly dissolved.

*By the Court.*— The order of the circuit court is affirmed.