Taylor, Chief-Justice,
 

 delivered the opinion of the Court:
 

 The object of this bill, is to- set aside a verdict at law, obtained by fraud and perjury, and to procure a new trial of the issue, whether a gift was made or not, by
 
 li.
 
 Pcagram to the Defendants. The general allegations in the bill are, that Joseph Jenks, the witness by whose testimony alone the gift was established, perjured himself in the oath he took, incited by the promise of a bribe from the Defendant Leedy King; and that he <le-
 
 *611
 
 •. fared in his last illness that he hiul done so, betraying1, at the same time? a deep sentiment of remorse at the recollection of his atrocity. That though a rumour to that effect was floating about, and had actually readied the ears of the Complainant, in consequence of which lie moved for a new trial, yet he was .unable, with the utmost diligence, to ascertain any witness by whom he could prove it, and therefore relinquished the motion ; hut that afterwards, and too late to obtain redress at law, lie discovered witnesses by whom it could be proved, and in consequence lost no time in applying to a Court of Equity for relief. The answer denies the allegations in the bill, butthey have all been affirmed by tbs Jury upon issues submitted to them $ and upon a review and reconsideration of the evidence, I see no reason to be dissatisfied with the verdict. It then results, that the Complainant has been deprived of a valuable property by a judgment at law, procured by fraud, perjury and corruption ,• and the enquiry now is, whether he can be relieved in this Court?
 

 The general doctrine is, that where a verdict has been obtained by fraud, a Court of Equity will interfere, by granting a new trial at law ; but the power being one which may be abused to the purposes of injustice, has always been exercised with extreme caution ¿ and never extended to any case where the party applying lias been guilty of any
 
 laches,
 
 and might have made use of the evidence at law, lest the Court should thereby encourage, negligence or minister to the litigious passions of men. But where a judgment is obtained at law1 upon a forged bond, and the Defendant was surprized in consequence of all (lie pretended witnesses to the bond being dead, a ;T-w trial was granted.- — (2
 
 Vern.
 
 240.)
 

 It is in general true, both at Law and in Eqgjjty, that new' trial will not be granted on the ground of newly discovered evidence, when it goes merely to impeach the • ciUiinonv of n witness at a former «rial, nor to let in
 
 *612
 
 cumulative evidence as to matter which was principally controverted at the former trial; but that is very differ- „ 7
 
 J
 
 ent from newiy discovered evidence which goes utterly j.Q d08tr0y tiie former testimony and cut it up by th® root, by shewing that it was founded in perjury. Accordingly, both Courts furnish instances of a new trial-being granted for the latter cause.
 

 A new trial ivas granted, upon the ground that the testimony was a fiction, supported by perjury, which the Defendant could not be prepared to answer; and that circumstances liad been discovered, since the trial, to detect the iniquity. — (3
 
 Burr. 1772.)
 
 And in a Court of Equity, if new evidence is discovered which could not possibly be made use of in the first trial, the Court will interfere — (1
 
 Ch. Cas.
 
 23.) No evidence could have been given of the dying declarations of Jenks, wrung from him in an agony of remorse, when he had no motive to misrepresent .; for the Complainant shews, (as far as sue!» a fact can be affirmatively established,) that he knew not by whom to prove it until after the trial, when
 
 Peter Jlvent
 
 gave him the information. It is admitted (P
 
 rec. in Chan.
 
 193,) that if a witness on whose testimony a verdict has been given, was convicted of perjury, a new trial may be granted. The death of Jenks, before the Complainant knew by what witness his declaration could be shewn, rendered a prosecution impossible, and brings this case within the reason of the decision.
 

 The Courts of Chancery, in this State, are invested with all the powers and authorities rightfully incident to such Courts, and may therefore direct a new trial at law in the county where the first trial was had. The direction in the act óf Assembly relative to the trial of issues s$ fact, is confined to such as arise in the course of a cause then on trial; as, in this case, the facts which the Court desired to be found, before they could judge of the equity arbú.;; from them, have been established
 
 *613
 
 by a Jury here. The conclusion of law, which the Court pronounces, is, that a new trial be had in the Court whence the case at law came; and, upon that trial, the parties on either side, will be at liberty to go into any legal evidence which tends to establish or destroy the gift. But the delays which have occurred in the cause, arising chiefly from the organization of the Courts of Equity, render it fit that neither party should avail himself of the time which has elapsed since the judgment below ; and this must be part of the decree.