The following was the case:
The plaintiff, in his bill, charges, that in 1826, the defendant was Sheriff of Montgomery County, and Samuel Pemberton, brother of the plaintiff, was appointed his deputy, and gave bond with the plaintiff as his surety, for the faithful performance of his duties. The defendant put into the hands of his said deputy the tax lists in districts No. 2 and No. 11, for collection, and for which Samuel Pemberton gave his receipt. He further charges, that, in the year 1827, Samuel Pemberton was Sheriff of Montgomery County, and Parham Kirk, the defendant, acted as his deputy, and collected the taxes in the districts No. 6 and No. 12, and that afterwards they, the said Pemberton and Kirk, came to a settlement, when it was ascertained that the defendant owed the plaintiff $10. Samuel Pemberton died, and Abraham Cochran qualified as his executor, and an action was brought by the defendant against the plaintiff and the said executor, upon the bond of the said Samuel as deputy sheriff; upon the trial of which suit the defendant recovered judgment for the sum of $397.45, being the amount of the tax list put into the hands of his deputy including the interest. The bill charges that the plea of fully administered was found in favor of the executor, and that there is no real estate descended to the heirs of the said Samuel, his estate being entirely insolvent. The plaintiff avers, that nothing was due to the defendant from the estate of his brother Samuel, as he could have proved by Abraham Cochran, (179) to whom the defendant admitted that a settlement had taken place as before stated, but that he could not avail himself of his testimony, as he was a defendant with the plaintiff, and that he had no other witness by whom it could be proved. He further states, that he is ignorant himself of the situation of the business between his brother Samuel and the defendant, *Page 138 
but that he had obtained from the executor, Cochran, a receipt of the defendant to his brother for $70, for which he is entitled to a credit on the judgment as so much money paid, and that there are other receipts of a similar kind. The prayer of the bill is for an account of the dealings between the parties for the collection of taxes, that the receipts of Samuel Pemberton from the defendant may be allowed, and the latter decreed to pay such balance as might be found due to Samuel Pemberton.
The answer admits the appointment of Samuel Pemberton, as the deputy of the defendant, and of the defendant, as the deputy of Pemberton; admits his recovery of a judgment against the complainant, as the surety of his brother Samuel, and that the plea of fully administered was found in favor of Abraham Cochran, executor of Samuel Pemberton, and that the estate is entirely insolvent. But the defendant denies that he recovered judgment for more than was justly due to him, except a receipt for $70, the amount of which he did not, at the time, distinctly know; as to which he alleges, that at the time of the trial, Cochran had it in his pocket, and declined introducing it. After the trial was over, in a conversation with the present plaintiff, he agreed to allow the $70 receipt, and instructed his counsel to credit the judgment with its amount, whenever it was brought forward, and that he is now willing to allow it as a payment. The answer further avers, that, as to the pretended settlement, which he denies ever did take place, on the trial at law, Allen was examined on (180) behalf of the then defendants, as being present, and that the jury found that there was no settlement of the taxes between the parties, at the time he spoke of.
The plaintiff took replication to the answer, and the cause being set for hearing, was transferred to this Court.
This is not properly a bill of discovery. Such a bill asks no relief, but seeks the discovery of facts resting in the knowledge of the defendant, or of deeds or writings in his possession or power, in order to maintain the right or title of the party asking it, in some suit or proceedings in another court. Coop. Eq. Pl., Ch. 1, sec. 4, p. 58, 60; Mitford, 8, 53, etc. And in general, to maintain such a bill, an action should be depending in another court, to the maintaining of which the discovery sought, is material, and therefore the power of the court of equity is ancillary in such a case. 1 Vol. Sto. Eq., *Page 139 
701. Neither is it a bill to procure a new trial of the case at law, but it is an original bill, seeking relief against a judgment at law upon the ground, that the defendant in this action did not give the present plaintiff credit for the $70 received, and because he could not prove the settlement set forth, in consequence of his witness, Cochran, being a party to that suit. A court of equity will not sustain a bill of review, upon the ground of newly discovered testimony of a cumulative character (Livingston v. Herbbs, 3 John. Ch. Ca., 123), particularly when it relates to a matter, which was principally controverted on a former trial. Peagram v. King, 9 N.C. 612. In the case at law of Kirby v. Pemberton, the settlement between the parties of their tax account was the matter, principally controverted, and a witness, Allen, was present at the settlement as the parties were closing it, and was examined as to (181) the matters contained in the settlement produced. To permit the present plaintiff now to produce Cochran, in this controversy, would be granting him a new trial here, simply for the purpose of introducing cumulative testimony upon that point. But Cochran is here an interested witness, and can no more be introduced than could Samuel Pemberton, if alive; he is a party defendant to the judgment, against which relief is sought.
As to the $70, it is shown that the plaintiff had it in his power and knew of its existence at the time of the trial at law; it was then in the possession of Cochran, one of the defendants, and not produced. The presiding Judge, very properly, refused the defendants a new trial on that ground. Nor would we now give the plaintiff any relief, but for the fact, that the defendant admits it was paid, and was willing it should now be credited on the judgment. He can not, therefore, in conscience, retain it, nor does he ask so to do, as the judgment has been collected by the plaintiff at law. The plaintiff here, is entitled to a decree for that sum, and interest from 10 July, 1828, the date of the receipt, but out of it the master will pay the costs of this suit, and, if not sufficient for that purpose, the plaintiff must pay what will be necessary to cover all the costs.
PER CURIAM. DECREED ACCORDINGLY.
Cited: Grantham v. Kennedy, 91 N.C. 154; Harper v. Pinkston.112 N.C. 298. *Page 140