ROSWELL CHAMPION

v.

HIRAM C. ULMER.

1. NEW TRIAL—*newly discovered evidence.* Where a party has had a trial upon issues, in the forming of which he participated, he can not have a new trial for newly discovered evidence, unless he can satisfactorily show that such evidence is not only material to the issue, but of a controlling and conclusive character, and that he has been guilty of no negligence in not discovering and producing it on the trial.

2. SAME—*sufficiency of affidavit as to diligence.* It is the rule of this court, upon the question of diligence, that the party must negative, in his affidavit, every circumstance from which negligence may be inferred.

3. FRAUD AND CIRCUMVENTION—*in procuring the execution of a note.* If the execution of a promissory note is obtained through the usual device of such men as go about the country as dealers in patent rights, with papers so prepared as to obtain a signature thereto, when the signer has no intention or expectation of executing a note, it will be void for the fraud and circumvention, even though the signer is unable to explain just how the trick was played on him.

APPEAL from the Circuit Court of Whiteside county; the Hon. WILLIAM W. HEATON, Judge, presiding.

Mr. JAMES M. WALLACE, for the appellant.

Mr. V. S. FERGUSON, for the appellee.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

This was an action by appellant, to recover, as assignee thereof, upon a promissory note claimed to have been given by appellee, as maker. The defense was, *first,* that the execution of the note was obtained by fraud; *second,* want of consideration, and that appellant took the note with notice.

By agreement of parties, the cause was tried by the court without a jury. The court found the issues for the defendant, and, overruling plaintiff's motion for a new trial, gave judgment upon that finding.

In support of the motion for a new trial on the ground of newly discovered evidence, the plaintiff produced his own and the affidavit of one Brookfield, as to certain admissions made by the defendant.

The rules which govern applications for new trials based upon newly discovered evidence, have received their qualities and inflexibility from the maxim, that it is for the public good that there be an end to litigation; and the maxim itself is based upon the consideration that the common law regards litigation as something which tends to the disturbance of the public peace and quiet. From that consideration a variety of rules have grown into established recognition. Among these rules are all such as relate to the conclusiveness of judgments, the merger of causes of action, etc. From the same reasons of public policy, courts have adopted the rules governing applications for new trials on newly discovered evidence, and rigidly adhered to them. When a party has had a trial upon issues, in the forming of which he participated, he can not have a new trial for newly discovered evidence, unless he can satisfactorily show to the court that such newly discovered evidence is not only material to the issue, but of a controlling and conclusive character. If it be merely cumulative, and not of a conclusive character, it is no ground for a new trial; and he must likewise show that he has been guilty of no negligence in not discovering and producing it upon the former trial. The relaxation of these rules would encourage litigation, and reward ignorance and carelessness, at the expense of the opposite party.

Such an admission as is set forth in the affidavit, would be but cumulative evidence, and not of a conclusive character. All that appellant stated in his affidavit, upon the question of diligence, is, "that the facts hereinbefore recited have come to the knowledge of this affiant since the trial of said case had at this term." This is evasive. The deponent might have had sufficient notice or intimation of them, before or during the trial, to have required him to bring in the wit-

ness, and yet not be guilty of perjury in making that statement. It is the rule of this court, upon the question of diligence, that the party must negative, in his affidavit, every circumstance from which negligence may be inferred. *Crozier* v. *Cooper,* 14 Ill. 139; *Laflin* v. *Herrington,* 17 Ill. 403.

The only other question made is, that the finding of the court is against the weight of the evidence. The testimony of the appellee tends to establish the defense of fraud and circumvention in obtaining the execution of the instrument. It was done through the usual device of these men who go about the country as dealers in patent rights or new inventions, with papers so prepared as to obtain the signatures of their victims to promissory notes, when the latter have no intention or expectation of executing a promissory note. Our reports abound in such cases, and they show that swindling has been reduced to a fine art; because, in the numerous cases that have been brought to this court, we know of none in which the victim was able to explain just how the trick was played upon him.

We are satisfied with the finding of the court below, and its judgment is affirmed.

*Judgment affirmed.*