# Chicago Exhaust & Blow Pipe Company
## v.
## James M. Johnson.

*Master and Servant—Recovery of Wages—New Trial.*

1. A party moving for a new trial on the ground of newly discovered evidence, to meet evidence offered on the trial, must show that he has been guilty of no negligence in not discovering and producing it upon the former trial.

2. A plaintiff has the same legal right to prove a special contract of hiring under the common counts as he has to rely on an implied contract, and given defendants are bound to know this and be prepared to meet any evidence that the plaintiff may introduce to sustain his pleadings.

3. Upon rehearing, this court reverses the judgment for the plaintiff, it being apparent that the jury allowed him compensation for a period antedating the formation of defendant corporation.

[Opinion filed December 7, 1891.]

Appeal from the Superior Court of Cook County; the Hon. John P. Altgeld, Judge, presiding.

Messrs. C. B. Eyer and Monk & Elliott, for appellant.

Messrs. Ashcraft & Gordon, for appellee.

*Per Curiam.* This was an action by appellee for wages claimed from the appellant for services alleged to have been rendered. Appellee claimed $666.64, and the jury rendered a verdict in his favor for $340. There was a conflict in the evidence as to whether appellee was ever employed by appellant, and as to the value of his services. That he did work for appellant was admitted, but it was claimed that it was done upon the employment and by the direction of one Koutche, who, it is said, paid appellee for it. After a careful examination of the record we find it impossible to say that the verdict found by the jury was not warranted by the evidence, or that it is against the fair preponderance thereof.

The only other question is whether there was any such surprise on appellant in the evidence given by appellee, as required the court to set aside the verdict in order to let in the testimony of witnesses who would, according to their affidavits filed on the motion for new trial, have contradicted appellee as to the fact of his having been employed by officers of the company. Appellee had the same legal right to prove a special contract of hiring under the common counts as he had to rely on an implied contract, and appellants were bound to know that and to be prepared to meet any evidence that plaintiff might introduce to sustain his pleadings. The witnesses who would contradict appellee were officers of the defendant company, and the officer of said company who had the management of the defense of this suit had inquired of them and knew that they would testify that they had never employed appellee to serve the company. He knew what their evidence would be, and still neglected to take it by deposition to meet a case that appellee had a right to make under his declaration.

This is not surprise, but negligence. The real surprise consisted in the fact that appellee introduced evidence which appellant was not prepared to rebut to the satisfaction of the jury. The defeated party in nearly all trials sustains a similar surprise.

A party moving for a new trial on the ground of newly discovered evidence, to meet evidence offered on the trial, must show that he has been guilty of no negligence in not discovering and producing it upon the former trial. The relaxation of these rules would encourage litigation, and reward ignorance and carelessness at the expense of the opposite party. Champion v. Ulmer, 70 Ill. 322.

The evidence which it is sought to introduce would not on another trial be conclusive, and it is cumulative in character, as evidence was offered on the very point to which it is directed on the last trial.

There is no error disclosed that warrants the reversal of the judgment, and it will therefore be affirmed.

*Judgment affirmed.*

[ *Upon petition for rehearing, opinion filed March 19, 1892.*]

WATERMAN, P. J.   This was an action by appellee to recover for services rendered to appellant.   There was a dispute as to whether appellee had worked for appellant. Upon the trial appellant asked to have the jury instructed that the plaintiff could not recover for work done before the company, appellant, came into existence.   This the court refused to give.

There were no facts shown justifying the recovery for services performed prior to the formation of the company, yet it is manifest that the jury awarded to appellee compensation for four months' service, one of which was prior to the creation of the corporation.

The judgment of the Superior Court must therefore be reversed and the cause remanded.

*Reversed and remanded.*