ings which resulted in the final decree settling the executors' accounts, he has no claim against the residuary legatees who defend this action.   It is, however, strenuously urged by plaintiff's counsel that the fund never was set apart, because the executors had no right to set apart anything but money.   In this, we think, the learned counsel is mistaken.   Nothing is said in the will about the executors setting apart money for the purposes of the trust.   As above stated, they were simply given the sum of $20,000, to be taken by them out of the testator's personal estate.   The fact that the will declared that they were to loan the same from time to time on bond and mortgage on real estate does not necessarily imply that it was their duty to sell the securities left by the testator, and reinvest the proceeds.

The last charge in the complaint is that in April, 1872, the executors and the defendants and Josephine Mills, with an intent to defraud the plaintiff, distributed all of the estate, and appropriated the same to their own use and benefit, in disregard of the rights of the plaintiff.   As above stated, we think the evidence shows that the trust fund had been set apart, and there was no reason why the remainder of the estate should not be distributed. Briefly stated, the situation of affairs is this:   In 1865 the executors set apart bonds and mortgages of the value of $20,000 to constitute the trust fund of $20,000; and, so far as appears from the papers before us, there is no evidence of what became of that fund, except that Washington Mills took charge of it. At various times between the probate of the will and the year 1872 the residuary estate was distributed.   The plaintiff's father lived until 1886, and soon after his death the plaintiff called on William W. Mills, the sole surviving executor, and demanded the $20,000 legacy.   Said Mills was insolvent, and could not pay it.   Washington Mills, the other executor, who probably misappropriated the fund, died years ago, insolvent; the widow and executrix died in 1865.   And now the plaintiff wishes to have the other residuary legatees make good his legacy.   But whether we take the view that there is no evidence in the papers before us as to what became of the fund, or assume that Washington Mills misappropriated it, we are of the opinion that the complaint was properly dismissed, and that the judgment should be affirmed, with costs.   All concur.

---

## WOODRUFF *v.* JOHNSTON.

*(Superior Court of New York City, General Term.   July 5, 1892.)*

JUDGMENT—VACATION IN EQUITY—FALSE TESTIMONY OF PARTY.

A judgment at law in favor of either party cannot be annulled in equity at the suit of the other party, on the ground that it was founded on the perjury of the party in whose favor it was rendered.

Appeal from special term.

Action by Amos E. Woodruff against Alexander Johnston to vacate a judgment in favor of defendant on the ground that it was based on the false testimony of defendant.   A demurrer to the complaint was sustained, and plaintiff appeals.   Affirmed.

The opinion of Mr. Justice McADAM at special term was as follows: "The bill demurred to is in equity, to set aside, for fraud and perjury, a judgment had after a trial, in which the jury found for the defendant.   The rule is that, where the remedy is ample at law, chancery will not interfere.   3 Gray & W. N. I. 1478.   Where a party goes into equity to impeach the justice and equity of a verdict, it must be upon grounds which either could not be made available to him at law, or which he was prevented from setting up by fraud, accident, or the wrongful act of the other party, without any negligence or fault on his part.   *Vilas* v. *Jones*, 1 N. Y. 281, 282.   The jurisdiction in one court to vacate, in an independent proceeding, the judgment of another having power to render it, is in its nature so extraordinary as to demand a close adherence to principles and precedents in exercising it.   Courts do not exer

cise it when there has been negligence on the part of the party seeking the relief. That a judgment is final and conclusive of the right or thing which is adjudicated by it is the rule, and judgments and decrees of a competent court will not be annulled for a suspicion of fraud, or because the party complaining may in fact have been unjustly cast in judgment. *Smith* v. *Nelson,* 62 N. Y., at page 288. It would impair the sanctity of judgments, and the faith we repose in them, if they could be set aside in equity upon grounds available upon mere motion. addressed to the courts which rendered them. Those courts should have the opportunity of vindicating their own honor and the integrity of their proceedings. Where they are powerless to do it, it is time enough for equity to tender its aid. It is settled law (with few exceptions, which do not apply here) that false testimony given by a party in an action at law is not ground for equitable relief in chancery. *U. S.* v. *Throckmorton,* 98 U. S. 61; *Mayor* v. *Brady,* 115 N. Y. 599, 22 N. E. Rep. 237; *Smith* v. *Nelson,* 62 N. Y. 286; *Same* v. *Lowry,* 1 Johns. Ch. 320. There must be a conviction before even a new trial on the ground of perjury will be granted, (*Holtz* v. *Schmidt,* 44 N. Y. Super. Ct. 327,) and no conviction has been had here. Judgments and decrees obtained by fraud or imposition may undoubtedly be annulled in equity, but not by parties to the record who were before the court and heard respecting the matters complained of. Though the plaintiff was not actually a party to the record, his assignee, with his knowledge and approval, was. The plaintiff and the defendant were witnesses, and disagreed as to the material facts, the former testifying one way, and the latter the other; and for this conflict (not unusual in the trial of a cause) the plaintiff seeks a new trial of the issues by a cancellation of the judgment, on the ground that his testimony was true, and that of the defendant false. As no reported case has gone to the extent of affording a disappointed suitor relief in equity on any such ground, it is unnecessary to discuss the special cases or peculiar circumstances under which equitable relief has sometimes been awarded, for they have no application to the case presented. The frauds in those cases were extrinsic or collateral to the matter tried. The issues here have been tried at law, and cannot be retried in equity. For these reasons, and without considering the other grounds of demurrer, it is evident the complaint does not state a cause of action, and that the defendant is entitled to judgment on the demurrer, with costs."

Argued before FREEDMAN, DUGRO, and GILDERSLEEVE, JJ.

*A. E. Woodruff, in pro. per. David Leventritt,* for respondent.

PER CURIAM. The judgment should be affirmed, with costs, upon the opinion of the learned judge at special term.

---

POTTER *v.* NEW YORK CENT. & H. R. R. CO.

*(Superior Court of New York City, General Term.  July 5, 1892.)*

NEGLIGENCE—CAUSING DEATH—CIRCUMSTANTIAL EVIDENCE.

To sustain an action for damages for death, as caused by defendant's negligence, the essential facts of negligence on defendant's part and of freedom from negligence of the deceased may be proved by showing circumstances from which the existence of those facts may fairly and logically be inferred. If the inferences from the circumstances shown are not certain and incontrovertible, the question is one for the jury.

Appeal from trial term.

Action by Nellie Potter, administratrix of John Potter, deceased, against the New York Central & Hudson River Railroad Company. From a judgment for plaintiff, entered on the verdict of a jury, and from an order denying a motion by defendant on the minutes for a new trial, defendant appeals. Affirmed.

The opinion of McADAM, J., refusing a motion for a new trial, was as follows: "John Potter, a car inspector in the defendant's employ, was inspect-