McAdam, J.
“ Thebill demurred to is in equity to set aside, for fraud and perjury, a judgment had after a trial, in which the jury found for the defendant. The rule is that where the remedy is ample at law, chancery will not interfere, 3 Gray & Wat. on N. I., 1478. Where a party goes into equity to impeach the justice and equity of a verdict, it must be upon grounds which either could not be made available to him at law or which he was prevented from setting up by fraud, accident or the wrongful act of the other party, without any negligence or fault on his part. Vilas v. Jones, 1 N. Y., 281, 282. The jurisdiction in one court to vacate, in an independent proceeding, the judgment of *349 another having power to render it, is in its nature so extraordinary as to demand a close adherence to principles and precedents in exercising it. Courts do not exercise it when there has been negligence on the part of the party seeking the relief. That a judgment is final and conclusive of the right or thing which is adjudicated by it, is the rule, and judgments and decrees of a competent court will not be annulled for a suspicion of fraud, or because the party complaining may in fact have been unjustly cast in judgment. Smith v. Nelson, 62 N. Y., 288. It would impair the sanctity of judgments and the faith we repose in them if they could be set aside in equity upon grounds available upon mere motion addressed to the courts which rendered them. Those courts should have the opportunity of vindicating their own honor and the integrity of their proceedings. Where' they are powerless to do it, it is time enough for equity to tender its aid. It is settled law (with few exceptions, which do apply here) that false testimony given by a party in an action at law, is not ground for equitable relief in chancery. U. S. v. Throckmorton, 98 U. S. R., 61; The Mayor v. Brady, 115 N. Y., 599; Smith v. Nelson, 62 Ib., 286; Same v. Lowery, 1 Johns. Ch., 320. There must be a conviction before even a new trial on the ground of perjury will be granted, Holtz v. Schmidt, 44 N. Y. Super. Ct., 327, and no conviction has been had here. Judgments and decrees obtained by fraud or imposition may undoubtedly be annulled in equity, but not by parties to the record who were before the court and heard respecting the matters complained of. Though the plaintiff was not actually a party to the record, his assignee, with his knowledge and approval, was. The plaintiff and the defendant were witnesses and disagreed as to the material facts, the former testifying one way and the latter the other, and for this conflict (not unusual in the trial of a cause) the plaintiff seeks a new trial of the issues by a eancella *350 tion of the judgment, on the ground that his testimony was true, and that of the defendant false. As no reported case has gone to the extent of affording a disappointed suitor relief in equity on any such ground, it is unnecessary to discuss the special cases or peculiar circumstances under which equitable relief has sometimes been awarded, for they have no application to the case presented. The frauds in those cases were extrinsic or collateral to the matter tried. The issues here have been tried at law and cannot be re-tried in equity. For these reasons, and without considering the other grounds of demurrer, it is evident the complaint does not state a cause of action, and- that the defendant is entitled to judgment on the demurrer, with costs.
A. E. Woodruff, appellant, in person.
David Leventritt, for respondent.
Per Curiam.
The judgment should be affirmed, with costs, upon the opinion of the learned judge at special term.