## Samuel Rogers v. Susan M. Daniels.

1. SERVICES RENDERED—*obligation to pay for.* There is an implied obligation upon the part of one who has received board, nursing, care, etc., from another, to pay therefor, where such other is in no wise related to him.

2. ATTORNEY AND CLIENT—*privileged character of communications between.* The rule as to privileged communications extends to every communication which the client makes to his legal adviser for the purpose of professional advice or aid upon the subject of his rights and liabilities, and it is not essential that any judicial proceeding in particular should have been commenced or contemplated.

3. INSTRUCTIONS—*when inconsistency of, will not reverse.* An inconsistency between instructions will not reverse where one of such inconsistent instructions correctly states the law and the other is too favorable to the complaining party.

4. NEWLY DISCOVERED EVIDENCE—*when, not ground for new trial.* Newly discovered evidence merely of an impeaching character is not ground for new trial.

Action of assumpsit. Appeal from the Circuit Court of Vermilion County; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the May term, 1904. Affirmed. Opinion filed October 14, 1904.

S. M. CLARK and W. M. ACTON, for appellant.

BUCKINGHAM & DYSERT, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in assumpsit, by appellee against appellant, to recover the value of services rendered by appellee to a son of appellant. Upon a trial in the Circuit Court the jury returned a verdict for the plaintiff and assessed her damages at $350. The court upon a motion for a new trial required the plaintiff to remit $68 and then rendered judgment for $282, from which the defendant appeals.

The evidence tends to show that in March, 1903, Dick Rogers, an adult son of appellant, and who was at the time seriously ill, was taken to the home of appellee, where he remained, with the exception of several brief intervals,

until his death, in September of that year.   While there he
was boarded, nursed and cared for by appellee, who also
did his laundry work and furnished him with such fruits and
delicacies as he desired.   She was in no way related to either
Dick or appellant.   It is insisted that the judgment is ex-
cessive.   We think the amount of the judgment is fully
warranted by the evidence.   During the greater part of
the time, the deceased was seriously ill and required con-
stant and careful nursing and attention.   His illness was
of such a character as to necessitate the performance of
services of a disagreeable nature.   The other questions of
fact involved were as to whether appellant agreed to pay
for the services rendered and whether at the time he is
alleged to have done so he had sufficient mental capacity
to enter into a contract.   The evidence introduced by ap-
pellee upon these questions, while in direct conflict with
that offered by appellant, was, we think, clearly sufficient
to warrant a verdict for appellee.

It is urged as ground for reversal that the court refused
to admit proper evidence offered by appellant.   On the trial
appellant offered in evidence a letter written by Walter
Dysert, one of the attorneys for appellee, to Richard Rog-
ers, a brother of Dick, on December 15, 1903, which it was
claimed tended to prove that at that time appellee looked
to Richard, and not to appellant, for her compensation.
He also offered to show by Dysert that he had express au-
thority from appellee to write the letter.   The court prop-
erly refused to permit Dysert to testify as to any conver-
sations with appellee upon the subject, on the ground that
what was said between them constituted privileged com-
munications.   The rule as to privileged communications
extends to every communication which the client makes to
his legal adviser for the purpose of professional advice or
aid upon the subject of his rights and liabilities, and it is
not essential that any judicial proceedings in particular
should have been commenced or contemplated.   It is
enough if the matter in hand may, by possibility, become
the matter of judicial inquiry.   Greenleaf Ev. 280; Weeks

on Law Counselors, 378.  In the absence of competent proof
that Dysert was expressly authorized to write the letter,
or that appellee ratified the same, it was properly excluded.

Appellant contends that the eighth instruction given for
plaintiff and the fifth instruction given for defendant, are
in conflict, and that as it cannot be known which one the
jury followed, the judgment should for that reason alone
be reversed.  The eighth instruction correctly stated the
law.  The fifth instruction was inconsonant with it in that
it stated the law too favorably to appellant, who could not
have been prejudiced thereby.

·Complaint is made of the rulings of the court upon other
instructions.  Without discussing them in detail we will
say that we have examined them and are of opinion that
the action of the court thereon was proper.

The motion for a new trial was properly overruled.  The
newly discovered evidence set out in the affidavit in support
thereof would tend only to impeach appellee's testimony.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*