(55 Misc. Rep. 553.)

### GITLER et al. v. RUSSIAN CO. et al.

(Supreme Court, Special Term, New York County.   August, 1907.)

1. CREDITORS' SUIT—DEFENSES.

In an action by a judgment creditor to reach property of his debtor, it is no defense that the judgment was obtained by perjury; the remedy of defendant being by a motion for new trial.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Creditors' Suit, § 95.]

2. CONTRACTS—OUSTING JURISDICTION OF COURTS—VALIDITY.

The courts of the state are not ousted of jurisdiction by an agreement between the parties to a contract not to sue therein on it.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, §§ 608–615.]

3. CREDITORS' SUIT—ANSWER—DEMURRER.

In an action by a judgment creditor to reach property of the debtor, allegations that plaintiffs do not own the judgment, but have assigned it, with a prayer for its cancellation, though insufficient when pleaded as a counterclaim, are not demurrable when pleaded as a defense and counterclaim.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Creditors' Suit, § 89.]

Action by Abraham Gitler and others against the Russian Company and others.   On demurrers to separate defenses and counterclaims in answer.   Sustained in part, and overruled in part.

Alfred D. Lind, for plaintiffs.

Howard T. Kingsbury and Paul Fuller, Jr., for defendants.

BISCHOFF, J.   The plaintiffs, judgment creditors of the defendant the Russian Company, a foreign corporation, have brought this action to reach moneys belonging to the debtor in the hands of parties within the jurisdiction.   For a first defense and counterclaim it is alleged, in substance, that the judgment was obtained upon default and upon an inquest, and that testimony given by the plaintiffs was willfully false.   The second defense and counterclaim is based upon the averment that for a valuable consideration the plaintiff agreed not to sue upon the judgment in New York, and that suit had been brought upon it in Russia.   For a third defense and counterclaim it is asserted that the plaintiffs do not own the judgment, but have assigned it to a third person, who is now maintaining an action upon it. Affirmative relief for the cancellation of the judgment and to restrain further suits by the plaintiffs is prayed.

The first defense and counterclaim is insufficient, within the rule that equity will not set aside judgments at law upon the ground of perjury.   The remedy is by motion, in the action at law, for a new trial upon that ground; and, if this relief is refused, the judgment is conclusive upon the parties for the purpose of subsequent proceed-

ings. In theory of law, the truth of the testimony has been determined, whether given upon an inquest or upon a trial; and a rehearing is to be had, if at all, in the original action. See Krekeler v. Ritter, 62 N. Y. 372; Woodruff v. Johnstone, 61 Super. Ct. 348, 19 N. Y. Supp. 861; Ross v. Wood, 70 N. Y. 8; Smith v. Lowry, 1 Johns. Ch. 320; 23 Cyc. 1027. - Assuming, therefore, that the defendant has exhausted its relief at law, still this defense and counterclaim may not be made available, since the ground of relief is exclusively legal.

The demurrer is properly interposed to the second defense and counterclaim, for the agreement not to sue in this state offends against the rule that the parties cannot, by contract, oust the court of jurisdiction. Home Ins. Co. v. Morse, 20 Wall. (U. S.) 445, 22 L. Ed. 365; Hart v. Lauman, 29 Barb. 410, 419; Haggart v. Morgan, 5 N. Y. 422, 55 Am. Dec. 350; Greenh. Pub. Policy, p. 466, c. 4, rule 397. So far as this portion of the answer avers that a suit was brought in Russia, it presents no defense, since there is no allegation that the action is for the same cause and is pending. Moreover, it is quite apparent that the Russian court could not grant the relief sought by the plaintiffs—the discovery of assets here and their application to the payment of the judgment.

The matter alleged for a third defense and counterclaim is sufficient for the purpose of a defense, in that it attacks the plaintiffs' title to the judgment upon which the action is founded. As a counterclaim, it may be deemed insufficient; but, since the demurrer must necessarily be to the allegations generally, in the absence of a separation of the defense and counterclaim upon motion to correct the pleading, the sufficiency of the defense is an answer to the demurrer. Cuyler v. Trustees, 12 Wend. 165; Ross v. Duffy, 12 N. Y. St. Rep. 584.

Demurrer, upon the ground of insufficiency, sustained as to first and second defenses and counterclaims, but overruled as to third defense and counterclaim, with leave to defendant to amend upon payment of costs within 20 days.

Demurrer sustained as to first and second defenses and counterclaims, and overruled as to third defense and counterclaim, with leave to defendant to amend upon payment of costs within 20 days.