The Sargent Company, Appellant, v. Morse Ives et al., Appellees.

Gen. No. 15,067.

1. JUDGMENTS—*when equity should not interfere with enforcement.* Courts of equity should not restrain the execution of judgments upon the ground that they were obtained by perjury except where such perjury is established beyond reasonable controversy by evidence clear, convincing and satisfactory, and in making the investigation required the chancellor may consider testimony given by the witnesses called both by the complainant and the defendant.

2. JUDGMENTS—*what newly discovered evidence will not justify interference by court of chancery.* Newly discovered evidence impeaching, cumulative and inconclusive in character, will not justify the interference by chancery with a judgment at law.

3. COSTS—*when reversal will not be awarded because of manner of taxation.* If an error is committed in the manner of taxation so that the payment of a fee allowed in favor of a master might be paid twice, a reversal will not be awarded but the parties left to have the error corrected by means of a motion to retax.

Appeal from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Affirmed. Opinion filed June 28, 1910. Rehearing denied July 12, 1910. *Certiorari* denied by Supreme Court (making opinion final).

ELBRIDGE HANECY, FRANCIS J. CANTY and ROBERT J. FOLONIE, for appellant.

MORSE IVES, for appellees.

MR. JUSTICE SMITH delivered the opinion of the court.

This cause was before this court in Sargent Co. v. Baublis, 127 Ill. App. 631, where a sufficient statement of the bill appears. After the cause was redocketed in the Superior Court the defendants filed an answer denying the material averments of the bill as to fraud and perjury charged therein in obtaining the judgment against complainant, and denying the alleged admissions of Baublis after the judgment at law was affirmed in the Supreme Court.

On motion of the complainant certain exceptions to the answer of the defendants were sustained, and the complainant thereafter filed its replication to the answer.

The cause was referred to a master to take testimony and report his conclusions thereon. The death of defendant William Baublis was suggested, and Konstancya Golubicki, executrix, was substituted as defendant. After taking the testimony offered by the respective parties the master filed his report finding that no credible evidence had been offered before him to prove that the defendant William Baublis committed perjury on the trial of the action at law; and that no credible evidence had been offered to prove a conspiracy between Baublis and Golubicki, as alleged in the bill of complaint; and that on the evidence in the case the complainant was not entitled to a new trial at law, and recommended that the bill of complaint be dismissed for want of equity.

By the decree appealed from complainant's objections and exceptions to the master's report were overruled and the master's report was in all things approved and the bill of complaint was dismissed for want of equity.

The prayer of the bill as amended is that the judgment of the Superior Court in the case at law No. 222,550 be set aside and vacated, and for an injunction against the execution of the judgment and for other and further relief. The complainant in the court below asked and insisted upon the ordering of a new trial in the law case, and so contends in this court. The main question now presented on this appeal is, we think, does the evidence in the record entitle the complainant to the relief asked. The complainant, however, in-

sists that the sole questions determinable by the court below were, and by this court are, (1) whether complainant had material evidence affecting the material issues of the law case; and (2) whether complainant was guilty of neglect in not producing such evidence on the trial. Upon the first question complainant contends that the evidence for the complainant entitled it to a decree, and that the question of the believability of the witnesses for the complainant as opposed to the witnesses for the defendants are for the jury on a retrial, and not for the master or the court below; and that accordingly the evidence produced by the defendants should not have been admitted or considered.

With these contentions of the complainant we cannot concur. A court of equity is not thus limited in its jurisdiction to enjoin judgments at law and to grant new trials. In High on Injunctions (3d Ed.) Vol. 1, p. 101, the learned author says: "To warrant a court of equity in enjoining a judgment at law and awarding a new trial in the action because of newly discovered evidence, substantially the same grounds must be shown as are necessary to justify a court of law in awarding a new trial. In other words, it must satisfactorily appear that the judgment is manifestly wrong; * * *. And the inquiry is whether, if the judgment were set aside and a new trial awarded, complainant, upon the showing made, would be entitled to a recovery in the action at law."

In Holmes v. Stateler, 57 Ill. 209, the court held: "It is only in cases which commend themselves strongly to equitable relief, that the chancellor feels at liberty to interpose his power to vacate the judgment of a court of law. * * * It will not be done capriciously or as a mere matter of discretion, nor because the chancellor would, on the evidence heard in the suit at law, have arrived at a different conclusion from that reached by the jury. * * * Before a new trial will be granted in equity, it should appear with reasonable certainty, that a different verdict would result. It is not in every case where new evidence is discovered, or when such evidence only renders it probable that the jury would find a different verdict, that the relief should be granted."

The rule is stated by the Wisconsin Supreme Court in Boring v. Ott, 119 N. W. Rep. 865, as follows: "It is established by all the authorities that a very high degree of proof in such cases is required, many cases holding that there must be a conviction for perjury before equity will interfere, while others hold that it must be established beyond a reasonable doubt, either by admission, documentary evidence, or by such other proof as to leave no reasonable ground for doubt. Moore v. Gulley, *supra* (144 N. C. 81); Peagram v. King, 9 N. C. (2 Hawks) 605, 11 Am. Dec. 793; Woodruff v. Johnston, 29 Jones & S. 348, 19 N. Y. Supp. 861; Bloss v. Hull, 27 W. Va. 503; Moore v. Parker, 25 Iowa, 355; Jones v. South, 3 A. K. Marsh, 352; Clark v. Hackett, 1 Cliff. 269, Fed. Cas. No. 2,823; Oldham v. Cooper, 5 Del. Ch. 151; Ableman v. Roth, 12 Wis. 90; Stowell v. Eldred, 26 Wis. 504; Barber v. Rukeyser, 39 Wis. 590; Jilsun v. Stebbins, 41 Wis. 235; Tucker v. Whittlesey, 74 Wis. 74. The reason of the rule is obvious as laid down in the cases. If a litigant were permitted to restrain the enforcement of a judgment regularly entered after a trial in a court of law upon conflicting or uncertain evidence as to whether perjury were committed in securing the judgment, it is easy to see what interminable litigation such a rule would invite. Courts of equity, therefore, should not restrain the execution of judgments, except where the ground for interference is established beyond all reasonable controversy by evidence clear, convincing and satisfactory. Linde v. Gudden, 109 Wis. 326. All the authorities agree that evidence of the highest dignity is necessary to justify the interference of equity in such cases."

It is clear, we think, that a chancellor cannot consider and determine the character, dignity and probative force of the evidence upon which his action must be based, under the authorities cited, if he may hear only the evidence offered by the complainant as contended, and cannot weigh it in connection with the defendant's evidence. How can the chancellor determine that a different verdict would result with reasonable certainty or the controlling and conclusive character of the evidence (Champion v. Ulmer, 70 Ill. 322; People v.

McCullough, 210 *id.* 488) by considering only the evidence offered to impeach the verdict and judgment regularly entered? Bloss v. Hull, *supra.* How can the chancellor determine that it satisfactorily appears that the judgment is manifestly wrong, by hearing and considering the evidence on one side of the question only? A mere statement of the questions to be determined by the chancellor seems to us a sufficient answer to the contention of complainant. In our opinion the master and the court were required to hear and consider the evidence offered by the defense, as well as that offered by the complainant, and it would have been manifest error to exclude defendants' evidence and refuse to consider it. It is a novel and, we think, unfounded contention that the defendants, having been required to answer the bill, and having by their answer put in issue every material averment thereof, cannot support by evidence their side of the issues so made.

Upon a careful examination of the evidence we are of the opinion that it falls short of sustaining the material allegations of the bill of complaint. Some of the witnesses do not sustain or confirm by their testimony their affidavits attached to the bill. The averments of the bill as to a conspiracy between the defendant Baublis and Golubicki are not sustained by the evidence. The newly discovered evidence offered by the complainant is quite largely impeaching, cumulative and inconclusive in character. Evidence of this character is insufficient to obtain relief in equity against a judgment entered after a trial at law and in the regular course of judicial procedure. Champion v. Ulmer, *supra;* People v. McCullough, *supra;* Rogers v. Daniels, 116 Ill. App. 515; Bemis v. Horner, 165 Ill. 347; Knickerbocker Ins. Co. v. Gould, 80 *id.* 388.

We do not find in the record any serious attempt to show that the verdict and judgment sought to be set aside is wrong. It does not appear from the evidence offered by the complainant that the claim itself or cause of action upon which the judgment was entered, was fraudulent, fictitious or unjust, or that, apart from the alleged release, the plaintiff Baublis

did not have a just and meritorious cause of action for negligence on the part of complainant herein causing the injury. On the contrary it appears from the record that the judgment was affirmed by this court and by the Supreme Court. The sole basis of attack upon the judgment in the evidence offered is that the release set out in the bill of complaint purporting to have been executed by Baublis and acknowledging the receipt of $100 in full settlement, accord and satisfaction of all claims and demands which Baublis had or might thereafter have against the complainant on account of an accident causing injury to him on or about May 26, 1902, was not given full force and effect because of the fraud and perjury of Baublis and Joseph Powlowski in their testimony in that case, relating to the alleged settlement and the execution of the alleged release. This does not impeach or tend to disprove the just and meritorious character of the original claim or cause of action. And the only newly discovered evidence shown relates to certain admissions alleged to have been made by Baublis since the affirmance of the judgment by the Supreme Court, to the effect that Baublis had sworn falsely on the trial of the action at law with reference to the execution of the release, and the settlement and satisfaction of his claim against the complainant, as set forth in the release. This new evidence is the testimony of McConnell, John Serunas, Jr., Maggie Serunas, Slakis, Smith and Staponkus as to oral admissions made by Baublis. Their testimony was flatly and specifically contradicted by Baublis, as to the alleged admissions and conversations, and by Golubicki as to his alleged advice and talk with Baublis regarding his testimony concerning the release and the circumstances under which it was signed, and as to his conversations with other witnesses for the complainant.

Considering all the evidence on this issue and the relations of the complainant's witnesses to the complainant at the time the alleged admissions were obtained, and the manner of obtaining them as disclosed by the evidence, it does not satisfactorily appear by evidence which leaves no reasonable ground of doubt, either that the judgment is wrong, or that

452      APPELLATE COURTS OF ILLINOIS.

Bower v. Chicago Consol. T. Co., 156 Ill. App. 452.

Baublis made the alleged admissions, or that a new trial of the case at law would result in a different verdict and judgment from that rendered. The evidence is not of the highest dignity, nor is it clear, convincing and satisfactory in character. It does not justify the interference of a court of equity.

Error is assigned on the provisions of the decree fixing the amount to be allowed the master for his services in the case. The court reduced the amount claimed by the master to $150 and directed the clerk to tax that amount for the master's services in examining the questions at issue and preparing his report. In addition to that amount the decree allows $211.95 to the master for taking the testimony. It is urged that of this amount the complainant had paid $123.75 and that this action of the court in effect requires the complainant to pay that amount the second time. If this be true, the Superior Court will doubtless correct the matter on a motion to retax the costs. We find no error in allowing $150 for his services as above set forth.

The decree of the Superior Court is affirmed.

*Affirmed.*